NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.

# United States Court of Appeals for the Federal Circuit

04-3373

CLEA B. EFTHIMIADIS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: March 14, 2005

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST,
Circuit Judge.

RADER, Circuit Judge.

## I.  INTRODUCTION

The Merit Systems Protection Board (Board) decided that the Department
of the Army (Army) did not violate veterans' preference law when it did not select
petitioner Clea B. Efthimiadis for the position of Attorney-Advisor, United States
Army Garrison-Miami.  Clea B. Efthimiadis v. Dep't of Army, No. AT-0330-03-
0349-I-1 (MSPB June 26, 2003) ("Initial Decision"); Clea B. Efthimiadis v. Dep't
of Army, No. AT-0330-03-0349-I-1 (MSPB May 27, 2004) (Final Order).  Because
the Board's conclusions are supported by substantial evidence, this court affirms
the decision of the Board.

## II. BACKGROUND

Ms. Efthimiadis joined the Navy in 1985 and received an honorable discharge in 1992. In July 2001, the United States Army South Base Ops Support, Office of the Commander in Miami, Florida, advertised an available position in the excepted service as an attorney at the U.S. Army Garrison-Miami, Florida. The advertisement included a requirement that applicants include a DD-214 Certificate of Release or Discharge from Active Duty, or equivalent, "if claiming 5-point veteran preference" or a DD-214, SF-15, and VA/Service Document certifying service-connected disability" if claiming 10-point Veterans Preference [sic]." Ms. Efthimiadis, who was one of twenty-three applicants for this position, included a DD-214 Certificate with her application.

The selecting official was Colonel James Willey, Commander, U.S. Army Garrison-Miami. Col. Willey sought the help of the Office of the Staff Judge Advocate of U.S. Southern Command in the selection process. The Staff Judge Advocate established a three-member panel, including two attorneys, to rank the candidates and identify the best four or five. In making its recommendations the panelists considered only legal qualifications, not service or disability history. Each panel member evaluated the candidates using a numerical matrix system. Once the reviews were completed, the scores given by each panelist were averaged and the applications ranked. Appellant placed ninth in this panel ranking.

Col. Willey reviewed the scores for all applicants and decided that only the five highest-rated individuals would be interviewed by his Deputy, Michael

Norman. After conducting the interviews, Mr. Norman made recommendations to Col. Willey, whose choice of the successful candidate was based on several merit factors relating to legal experience and research and writing skills. The top four applicants were preference-eligible veterans. In December, 2001, Col. Willey selected Victoria Sheffield, who had ranked fourth and was a disabled veteran, for the position.

Ms. Efthimiadis subsequently received information regarding the reasons for her non-selection for the attorney position through a Freedom of Information Act request related to a concurrent complaint of age discrimination with the Equal Employment Opportunity Commission. Because none of the information she obtained explicitly indicated the application of veterans' preference during the selection process, Ms. Efthimiadis then filed a complaint with the Department of Labor claiming that the application of veterans' preference in the selection process was "unclear," and asked that an investigation be made as to whether the Army had "complied with the law." After an investigation, the Department notified Ms. Efthimiadis in January 2003 that her claim had no merit. Ms. Efthimiadis then appealed to the Board, alleging under the Veteran Employment Opportunities Act of 1998 (VEOA) that her veterans' preference rights under the Veterans' Preference Act of 1944 (VPA) had been violated, and that the Army had violated 5 C.F.R. § 301.010(c) (2000) by not providing her with the reason she was not selected. She also argued, citing 5 C.F.R. § 302.101(c), that the application of the principle of veterans' preference in attorney hiring had improperly been left to the Army's discretion by the Office of Personnel

Management (OPM).   In its Initial Decision, the Board administrative judge found no violation of Ms Efthimiadis's veterans' preference rights..   Regarding the propriety of OPM's regulations, the Board found "that the Army has the discretion to determine the procedure that it will follow in filling such positions so long as they do not deprive a preference eligible of an opportunity to compete for the position" (citing Ramsey v. Office of Pers. Mgmt., 87 M.S.P.R. 98, ¶ 9 (2000) (plain language of VEOA statute only prohibits the Army from denying a preference eligible or veteran the opportunity to compete)).   Furthermore, the Board found that 5 C.F.R. § 302.101(c) "does not require the Army to apply the procedures to positions which have been expressly exempted by the regulations, even if by doing so the appellant would have gained an advantage." Cf. Whitney v. Dep't of Army, 92 M.S.P.R. 423, ¶ 10 (2002) (actions taken under merit promotion plan are not subject to veterans' preference).   Thereafter, the Board issued a Final Order, denying Ms. Efthimaidis' petition for review and upholding the Initial Decision as final.   This appeal followed.

## III.  Analysis

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.  See 5 U.S.C. § 7703(c) (2000); Marino v. Office of Pers. Mgmt., 243 F.3d 1375 (Fed. Cir. 2001).

Ms. Efthimiadis alleges generally a violation of her veterans' rights under VPA, and brings her claim under VEOA, which creates a right of redress for

actions taken after October 30, 1998 that violate an individual's veterans' preference rights. 5 U.S.C. § 3330a(a) and (d) (2000); see also Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210 (Fed. Cir. 2003).

People may be employed in the Army in the "competitive service" or the "excepted service." Veterans eligible for preferences are defined in 5 U.S.C. § 2108(3) (2000) as "preference eligible" and in the competitive service, five points may be added to added to a veteran's quantitative total, and ten to a disabled veteran's total, in an evaluation for a position. 5 U.S.C. § 3309(1) (2000) and 5 C.F.R. § 337.101(b) (2000).

Ms. Efthimiadis argued to the Board that, as a preference-eligible veteran, points should have been given to her during the evaluation of her application. Initial Decision, slip op. at 2. However, such a specific preferential method is not required in the excepted service. Section 5 of the C.F.R. 302.101(c)(9) states that for attorney positions, "the principle of veteran preference [should be followed] as far as administratively feasible . . . :" The legislative history of the

The Board's final judgment must be sustained if this court determines that substantial evidence supports the Board's conclusion that the Army has proven its case by a preponderance of the evidence. See 5 U.S.C. § 7703(c); see also 5 C.F.R. § 1201.56(a)(1)(ii) (2004); Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). This court finds, by a preponderance of the evidence, that substantial evidence supports the Board's decision that the Army did follow "the principle of veteran preference as far as administratively feasible."

The VPA establishes veterans' preference in 5 U.S.C § 1302 (2000), stating that "preference shall be given to preference eligibles . . . in appointment . . . in the excepted service." The legislative history of VPA supports a flexible, nonprocedural standard for attorney hiring practices. see, e.g., Report of the President's Committee on Civil Service Improvement, H. Doc. 118, 77th Cong., 1st Sess.

In discussing the relationship of § 302.101(c) to Ms. Efthimiadis's case, the Board stated, "In sum, the agency complies with the law by considering a preference eligible's service as a positive factor in her application, even if it does not assign points to veterans in ranking applicants for attorney positions." Initial Decision, slip op. at 3. The Board did not, however, cite any explicit evidence in the record that shows the Army viewed Ms. Efthimiadis's veterans' preference eligibility (or that of any other candidate) as a "positive factor." Ms. Efthimiadis was ranked ninth during the selection process; like her, the top four candidates were also preference-eligibles. The application of the principle of veterans' preference to Ms. Efthimiadis would not have changed her position in relation to the top four candidates during the selection process. Therefore, Ms. Efthimiadis was not harmed by the ultimate decision. See 5 C.F.R. § 1201.56(c)(3) (2004) (definition of harmful error); see also 5 U.S.C. § 7701(c)(2)(A) (2000).

Because the Initial Decision of the Board is supported by substantial evidence, the decision of the Board is affirmed.