NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3004

REGALADO F. LADIERO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  May 8, 2006

_____

Before LOURIE, BRYSON, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Regalado F. Ladiero appeals from the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction.  <u>Ladiero v. Office of Pers. Mgmt.</u>, No. SF-0831-0500348-I-1 (M.S.P.B. Aug. 5, 2005).  Because the Board correctly determined that it lacked jurisdiction to review Ladiero's appeal, we <u>affirm</u>.

BACKGROUND

Ladiero applied for a civil service retirement annuity under the Civil Service Retirement System ("CSRS") based on his employment in the Philippines with the Department of the Navy.  On December 14, 2004, the Office of Personnel Management ("OPM") denied Ladiero's application for annuity on

the basis that he had not served in a position subject to the necessary conditions under CSRS. OPM indicated that this was an initial decision and that Ladiero could request reconsideration of the decision.

On January 17, 2005, Ladiero filed an appeal to the Board, stating that he was appealing a reconsideration decision by OPM, but enclosing only the initial decision, dated December 14, 2004. On February 9, 2005, an administrative judge ("AJ") notified Ladiero that unless he showed that OPM had issued a final reconsideration decision, his appeal would be dismissed for lack of jurisdiction. Ladiero did not timely respond. OPM responded, stating that it had issued only an initial decision, not a final reconsideration decision, and it filed a motion to dismiss Ladiero's appeal for lack of jurisdiction.

On May 4, 2005, the AJ dismissed Ladiero's appeal for lack of jurisdiction. The AJ noted in its decision that an individual may appeal to the Board only after a final decision has been issued by OPM, and that a final decision is one that is issued in response to a request for reconsideration of an initial decision by OPM. The AJ found that there was no evidence demonstrating that Ladiero had requested reconsideration of the initial decision, or that OPM had issued a final decision. Without any evidence that a final decision had been issued, the AJ determined that the Board lacked jurisdiction over Ladiero's appeal.

Ladiero appealed the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b) (2004).

Ladiero timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). Ladiero, as the petitioner, has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See id. at 1213-14.

On appeal, Ladiero contends that OPM fully adjudicated his claim, and thus that the Board should have reviewed his claim. Also, Ladiero alleges that the initial decision by OPM provided no instructions pertaining to a request for reconsideration. The government responds that OPM's decision sent to Ladiero expressly stated that "this constitutes the initial decision" of the OPM and provided instructions on how to request reconsideration of that decision. Also, the government points out that the AJ provided Ladiero with the opportunity to show that OPM had issued a decision from a request for reconsideration, but that Ladiero failed to timely respond.

We agree with the government that the Board did not have jurisdiction over Ladiero's appeal. An individual may appeal to the Board only after a final decision has been rendered by OPM. 5 C.F.R. §§ 831.109 and .110. When OPM issues an initial decision with an opportunity to request reconsideration, a final decision is the decision rendered after a request for reconsideration has been made. 5 C.F.R. § 831.109(f)(1). OPM issued to Ladiero one decision that

expressly stated that "this constitutes the initial decision of the Office of Personnel Management." The letter further provided that if Ladiero believed that the decision was not in accordance with law and regulations, he could "request reconsideration of the decision by following the procedures in the enclosure." Attached to the letter were two pages of information regarding how to request reconsideration of an OPM decision. OPM's decision therefore clearly stated that it was an initial decision and provided instructions on how to seek reconsideration of that decision. The Board found no evidence indicating that Ladiero had requested reconsideration of the initial decision by OPM. Thus, without a reconsideration decision, there was no final decision rendered on Ladiero's claim and, without a final decision, the Board did not have jurisdiction to consider Ladiero's claim.

Because the Board correctly determined that it lacked jurisdiction to review Ladiero's appeal, we affirm.