NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3002

PATRICIA A. MORTON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  March 10, 2006
_____

Before LOURIE, LINN, and DYK, Circuit Judges.

PER CURIAM.

Patricia A. Morton appeals from the final decision of the Merit Systems
Protection Board ("Board") dismissing her appeal from the United States Postal
Service (the "USPS") for lack of jurisdiction.  Morton v. U.S.P.S., No. AT-0752-
05-0367-I-1 (M.S.P.B. Aug. 18, 2005).  Because the Board did not err in holding
that her claim was barred by res judicata, we affirm.

BACKGROUND

Morton, a USPS employee, was removed from her position as a Mail
Handler, effective July 6, 1994.  She appealed her removal but the appeal was
dismissed as moot based upon the USPS's representation that it would return
her to the status quo ante.  Morton v. U.S.P.S., No. AT-0752-95-0209-I-1

(M.S.P.B. March 17, 1994) ("Morton I"). The initial decision became final on October 4, 1995 with no subsequent appeal to this court. See 5 C.F.R. § 1201.113 (2004). In June 1996, Morton filed a petition for enforcement of the initial decision in Morton I, alleging that she had not been returned to the status quo ante. In addition, Morton asserted that she was entitled to compensatory damages. The Administrative Judge ("AJ") determined that the USPS had not made Morton completely whole and adjudicated her originally-filed appeal of the removal decision. Morton v. U.S.P.S., No. AT-0752-95-0209-C-1; No. AT-0752-95-0209-I-2 (M.S.P.B. Oct. 30, 1996) ("Morton II"). The AJ concluded that the USPS did not prove its charges against Morton, reversed the USPS's removal decision, and ordered the USPS to restore Morton to the status quo ante. The AJ did not address Morton's request for compensatory damages. When neither party filed a petition for review, the initial decision became final on December 4, 1996. See 5 C.F.R. §1201.113 (2004).

On February 5, 1997, Morton filed a petition for enforcement of the decision in Morton II. The AJ required the USPS to submit evidence that it had complied with the decision in Morton II. After reviewing the submitted evidence of payment, the AJ found that the USPS complied with the decision in Morton II and dismissed the petition for enforcement. See Morton v. U.S.P.S., No. AT-0752-95-0209-C-1 (M.S.P.B. June 27, 1997) ("Morton III").

Morton filed a petition for review of the Morton III decision by the full Board. See Morton v. U.S.P.S., No. AT-0752-95-0209-C-1 (M.S.P.B. July 30, 1999) ("Morton IV"). The Board issued an order to show cause, requiring the

USPS to submit further evidence of compliance with the decision in Morton II. The USPS responded to that order, and Morton replied by requesting punitive and compensatory damages based on an allegation of discrimination by the USPS. The Board found that USPS's evidence submitted in response to the order to show cause was insufficient to prove compliance and therefore reversed the AJ's decision in Morton III. The Board determined that the requests for punitive and compensatory damages were not properly before it because they were not raised in the petition for enforcement. The Board observed that even if the damages issue were properly before it, the Board could not award compensatory damages because they could only be awarded based on a finding of discrimination. Moreover, the Board noted that it could not order an agency to pay punitive damages.

On August 26, 1999, the USPS submitted evidence that the Board found sufficient to prove that Morton had returned to the status quo ante. On October 12, 1999, the Board dismissed her February 5, 1997 petition for enforcement of the Morton II decision as moot. See Morton v. U.S.P.S., No. AT-0752-95-0209-X-1 (M.S.P.B. October 12, 1999) ("Morton V"). Morton appealed the denial of her request for compensatory and punitive damages in Morton IV and the Board's dismissal of her petition for enforcement in Morton V. We affirmed the Board's determination that the damages issue was raised for the first time on petition for review and was therefore not properly before the Board. Morton v. U.S.P.S., 232 F.3d 911 (Fed. Cir. 2000). ("Morton VI")

On February 17, 2005, Morton filed another appeal to the Board, again challenging her July 6, 1994 removal and requesting compensatory damages. The AJ issued an Acknowledgement Order, informing the parties that the appeal presented a jurisdictional issue and affording them an opportunity to submit argument and evidence on that issue. The USPS filed a motion to dismiss for lack of jurisdiction. Morton filed a submission to the Board but failed to address the USPS's motion to dismiss or the jurisdictional issue.[1]

The AJ then dismissed the appeal for lack of jurisdiction on the basis of res judicata and collateral estoppel. Morton v. U.S.P.S., No. AT-0752-05-0367-I-1 (March 28, 2005) ("Morton VII"). The AJ determined that res judicata applied because Morton "previously brought a cause of action under the same operative facts on which this appeal is based." Id., slip op. at 4. Also, according to the AJ, Morton's request for compensatory damages was barred by collateral estoppel, because in connection with the challenge of her removal, we previously addressed and denied her request for damages. Id.; See Morton VI. Morton appealed the AJ's decision to the full Board, which denied her petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b) (2004).

Morton timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

---

[1]    In her reply petitioner for the first time asserts that the AJ's Acknowledgement Order was not properly served on her because it was mailed to the incorrect address. Petitioner makes no effort to demonstrate prejudice from this error, if it occurred, and there appears to be no dispute as to the fact that petitioner's damages claims were raised and resolved in the earlier proceedings.

DISCUSSION

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). Morton, as the petitioner, has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See id. at 1213-14.

On appeal, Morton contends that the USPS committed fraud in connection with her 1994 removal. Specifically, she contends that the USPS improperly charged her with falsifying papers, thereafter suspending and ultimately removing her. She further asserts that over several years she has provided evidence to show that she did not falsify papers but that evidence was not properly considered. Morton also asserts that the USPS has not adequately compensated her for her alleged wrongful removal. The government responds that the Board properly dismissed the appeal of her 1994 removal on the basis of res judicata because the merits of her removal were previously raised and decided.

We conclude that the Board properly decided that it did not have jurisdiction over Morton's appeal on the ground of res judicata. "Under the doctrine of res judicata, a final argument on the merits of an action precludes the parties from relitigating issues that were raised or could have been raised in that action." Stearn v. Dep't of the Navy, 280 F.3d 1376, 1380 (Fed. Cir. 2002) (citation omitted). Res judicata applies if "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on

the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." <u>Carson v. Dep't of Energy</u>, 398 F.3d 1369, 1375 (Fed. Cir. 2005). All three criteria are met here. In 1996, Morton filed an appeal of her removal. The Board considered the evidence of record and rendered a final decision on the merits of her 1994 removal in <u>Morton II</u>, reversing the USPS's action, and ordering the USPS to return Morton to the status quo ante. Morton then filed a petition for enforcement in which we addressed the damages issue in our decision in <u>Morton VI</u>. Morton has therefore already challenged her removal action, and the Board found that the USPS improperly removed her. Morton is asking this court to reevaluate aspects of her 1994 removal and alleges that the compensation she received did not sufficiently make her whole. However, in the decision in <u>Morton V</u>, the Board determined that she was made whole. Because she previously brought an appeal of her removal and a final decision was rendered on that cause of action, she is precluded under the doctrine of res judicata[2] from bringing the present claim involving the same operative facts. Accordingly, we affirm.

---

[2] Because we decide this appeal based on the doctrine of res judicata, we need not discuss collateral estoppel.