NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3055

SAMUEL T. DICHOSO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Samuel T. Dichoso, of Zambales, Philippines, pro se.

Hillary A. Stern, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, and Jeanne E. Davidson, Director.

Appealed from:  United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3055

SAMUEL T. DICHOSO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: June 5, 2007

_____

Before SCHALL, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

Samuel T. Dichoso ("Dichoso") seeks review of the final decision of the Merit Systems Protection Board ("Board"), Dichoso v. Office of Pers. Mgmt., No. SF831060409-I-1 (M.S.P.B. Oct. 5, 2006), based on the initial decision of the administrative judge ("AJ"), Dichoso v. Office of Pers. Mgmt., No. SF831060409-I-1 (M.S.P.B. May 24, 2006), dismissing his appeal from the Office of Personnel Management as barred by res judicata.  The Board affirmed the AJ's application of the doctrine of res judicata to preclude Dichoso from relitigating the denial of his retirement benefits.  Dichoso timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).  Because the Board's decision is in accordance with law and does not otherwise contain reversible error, we affirm.  See 5 U.S.C. § 7703(c).

Dichoso seeks to relitigate a previous determination that he does not qualify for Civil Service Retirement System ("CSRS") benefits based on his service as a federal employee in the Philippines. Under the doctrine of res judicata, however, "a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." Stearn v. Dep't of the Navy, 280 F.3d 1376, 1380 (Fed. Cir. 2002). Res judicata applies here because the prior determination was a final decision on the merits, rendered by a forum with competent jurisdiction, based on the same cause of action, and involving the same parties. See Carson v. Dep't of Energy, 398 F.3d 1369, 1375 (Fed. Cir. 2005).

We have reviewed Dichoso's arguments attempting to distinguish this case from his prior appeals and find them unpersuasive. Although Dichoso has formulated new arguments to justify his claim to an annuity, both cases relate to the denial of CSRS benefits based on his employment by the Department of the Navy from 1966 until 1987. See Foster v. Hallco, 947 F.2d 469, 478 (Fed. Cir. 1991) (stating that in the context of res judicata, also known as claim preclusion, "'claim' does not mean merely 'argument' or 'assertion.' 'Claim' is used in the sense of the facts giving rise to the suit"). Thus, Dichoso cannot escape the preclusive effect of res judicata merely because he now invokes arguments based on section 8337—rather than section 8338—of title 5 of the United States Code to support his claim for CSRS benefits. Because Dichoso has previously fully litigated this denial of retirement benefits, Dichoso v. Office of Pers. Mgmt., 67 M.S.P.R. 93, aff'd, 69 F.3d 553 (Fed. Cir. 1995), the Board properly dismissed his claims based on res judicata. Accordingly, we affirm its decision.

COSTS

No costs.