NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT J. SARHAN,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2014-3197

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-13-2702-I-1.

---

Decided: April 10, 2015

---

ROBERT J. SARHAN, Miami, FL, pro se.

CHRISTOPHER KEITH WIMBUSH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.; DOUGLAS S. GOLDRING, Employment Law and Ethics Branch, Federal Bureau of Prisons, United States Department of Justice.

---

Before LOURIE, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Robert J. Sarhan ("Sarhan") appeals from the final decision of the Merit Systems Protection Board (the "Board") denying his petition for review and affirming the initial decision that found his appeal to the Board barred by the doctrine of res judicata. *See Sarhan v. Dep't of Justice*, No. AT-0752-13-2702-I-1 (M.S.P.B. July 31, 2014) ("*Final Order*"). Because the Board did not err in denying the petition for review, we *affirm*.

BACKGROUND

In 2007, the Federal Bureau of Prisons ("Bureau") removed Sarhan from his position as a physician's assistant, and Sarhan filed an appeal to the Board challenging that removal. The Administrative Judge ("AJ") affirmed the removal in an initial decision, which was adopted by the full Board as its final decision after it denied Sarhan's petition for review. We summarily affirmed on appeal. *Sarhan v. Dep't of Justice*, 325 F. App'x 914 (Fed. Cir. 2009).

Sarhan filed the instant appeal at the Board in 2013, alleging that the Bureau engaged in "fraud on the court" to obtain the prior judgment affirming his removal. After allowing the parties to respond to an order to show cause why the appeal should not be barred under the doctrine of res judicata, the AJ dismissed the appeal in an initial decision. The Board denied Sarhan's petition for review, finding that it had jurisdiction to decide the prior appeal concerning the removal action, the appeal was adjudicated on the merits, and the same cause of action and same parties were involved. *Final Order* at 4. The Board found that Sarhan's new claims either related to the merits of the removal action or could have been raised in the earlier proceedings. *Id.* at 5. The Board further found that the allegedly fraudulent actions, even if true, did not substan-

tially change the posture of the case. *Id.* Without support for Sarhan's conclusory statements of fraud, the Board declined to reverse the initial decision. *Id.* at 5–6. The AJ's initial decision thus became the decision of the Board.

Sarhan appealed from the Board's decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the decision of the Board unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Res judicata prevents parties from litigating claims that were brought or that could have been brought in a prior action. *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005); *Peartree v. U.S. Postal Serv.*, 66 M.S.P.R. 332, 337 (1995). The doctrine applies if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties were involved in both cases. *Carson*, 398 F.3d at 1375.

An exception to the doctrine of res judicata exists where there has been fraud, concealment, or misrepresentation by a party. *Anderson v. Dep't of Transp.*, 46 M.S.P.R. 341, 349 (1990), *aff'd*, 949 F.2d 404 (Fed. Cir. 1991) (unpublished table decision). But the fraud must "change substantially the posture of the case" in order to provide a basis for revisiting the appeal. *Anderson*, 46 M.S.P.R. at 355. The preclusive effect of res judicata cannot be avoided by merely invoking arguments with a different legal basis. *Dichoso v. Office of Pers. Mgmt.*, 238

F. App'x 600, 601 (Fed. Cir. 2007) (citing *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 478 (Fed. Cir. 1991) (same "cause of action" for res judicata means same "facts giving rise to the suit," not merely same argument or assertion)); *see also Morton v. U.S. Postal Serv.*, 174 F. App'x 563, 566 (Fed. Cir. 2006) (finding claim of fraud committed in connection with removal precluded under doctrine of res judicata because appeal of removal involved same operative facts).

Sarhan argues that his claim of fraud on the court is a new cause of action and therefore falls under an exception to res judicata. He asserts that the final decision in the prior appeal was tainted by fraud because the Board rejected his allegations that the Bureau's witness committed perjury, thereby depriving him of the opportunity to address the "deciding official" for his removal. Sarhan further asserts that the Bureau committed fraud on the court by concealing evidence of a witness's illegal behavior and an e-mail from his wife. Moreover, due to the late production of that evidence, he could not have raised the issue before.

The government responds that the cause of action in both the prior appeal and the current appeal is Sarhan's removal, and Sarhan thus is attempting to relitigate the agency action. The government argues that Sarhan's evidence of fraud concerns the credibility of the Bureau's witnesses, which was previously litigated and is fully within the discretion of the AJ. The government also asserts that the claims about improperly withheld evidence are wrong and irrelevant. Although some of the evidence was not produced until the hearing, the government notes that Sarhan's counsel did not request any additional time to review the documents or otherwise indicate any prejudice from their late production.

We agree with the government that the Board did not err in finding that the appeal was barred by res judicata.

As noted by the Board, many of Sarhan's assertions go to the merits of the Bureau's removal action, and either were raised or could have been raised in the prior proceeding. We also agree that Sarhan has not explained how the alleged perjury or the allegedly concealed evidence would have changed the outcome of the prior proceeding. *See Anderson*, 46 M.S.P.R. at 355. We find no error in the Board's findings that Sarhan's new allegations of fraud did not substantially change the posture of the case and thus did not provide a basis for reversing the initial decision. Merely asserting a new legal claim of fraud on the court does not allow Sarhan to relitigate the same operative facts that were at issue in the removal action. *See Dichoso*, 238 F. App'x at 601. Moreover, we note that Sarhan admitted that, aside from his claim of fraud, his case is barred by res judicata. Pet'r's Br. 14. Because we agree with the Board that the fraud exception does not apply in this situation, the appeal was properly dismissed.

CONCLUSION

We have considered Sarhan's remaining arguments and find them unpersuasive. We conclude that the Board's decision is not arbitrary or capricious, is not contrary to law, and is supported by substantial evidence. Accordingly, the decision of the Board is affirmed.

**AFFIRMED**