NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3277

ERIC N. WILSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Eric N. Wilson, of Norwalk, Connecticut, pro se.

Thomas N. Auble, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3277

ERIC N. WILSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752070066-I-1

_____

DECIDED: February 13, 2008

_____

Before NEWMAN, LOURIE, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

Mr. Eric N. Wilson, appearing pro se, petitions for review of the decision of the Merit Systems Protection Board, dismissing his appeal for lack of jurisdiction, on the ground that he is not in the class of postal employees entitled to appeal to the Board. MSPB Docket No. PH-0752-07-0066-I-1. We <u>*affirm*</u> the dismissal.

BACKGROUND

Mr. Wilson was employed by the United States Postal Service (USPS) as a custodial laborer for four years before resigning in February 2006. In October 2006 he filed an appeal with the Board, complaining that his resignation was involuntary because he received misinformation from labor union officials. The administrative judge (AJ) issued an Order informing the appellant of his burden to prove that his appeal was timely filed and that his resignation was involuntary. The USPS moved to dismiss on the grounds that the resignation was voluntary and therefore not appealable, and that the appeal was untimely. In a second motion, the USPS stated that Mr. Wilson is not a preference eligible employee as defined in 5 U.S.C. §2108 *et seq.*, and therefore cannot appeal to the Board.

Mr. Wilson was a veteran, and had so indicated on his appeal form. In response to the USPS motions, the AJ held a telephonic status conference; the AJ states that Mr. Wilson was advised of his burden of establishing the Board's jurisdiction. Mr. Wilson then filed a further statement describing the circumstances leading to his resignation; he provided some medical information and a copy of a grievance filed by his union, and attributed his resignation to misinformation given to him at a meeting with union labor relations officials. He did not address the question of whether he had appeal rights based on his status as a veteran.

The AJ found that although Mr. Wilson stated on his appeal form that he has "veterans preference," he does not meet the statutory requirements for appeal to the Board because he did not serve on active military duty during the periods set forth in 5 U.S.C. §2108, nor did he fall under any of the other provisions granting Board appeal rights to Postal Service employees. The AJ ruled that the Board has no jurisdiction to hear this

appeal, and did not reach the merits.  The full Board denied review, and this decision became final on May 2, 2007.  This appeal followed.

DISCUSSION

Decisions of the Board are reviewed to determine whether they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without following procedures required by law, rule, or regulation; or unsupported by substantial evidence.  5 U.S.C. §7703(c); see Campion v. MSPB, 326 F.3d 1210, 1212 (Fed. Cir. 2003).  The Board's rulings as to its jurisdiction receive plenary review.  Id.

A USPS employee may appeal to the Board if the employee has completed one year of continuous service and is a preference eligible veteran as set forth in 5 U.S.C. §2108, or is a supervisor, manager, or an employee engaged in personnel work in other than a purely non-confidential capacity.  39 U.S.C. §1005(a); 5 U.S.C. §7511(a)(1)(B); 5 U.S.C. §7511(b)(8).  5 U.S.C. §2108 (3)(A)-(D) limits veterans' rights of appeal to the Board to veterans who served on active military duty before 1976, between 1990 and 1992, and after 2001, to veterans who served during a period of award of campaign badges, or are disabled or the unmarried widow or widower of a veteran.  See 5 U.S.C. §2108(2),(3).  It is not disputed that Mr. Wilson's active military duty began in 1979 and ended in 1987, and the AJ found that Mr. Wilson offered no evidence that he met any of the other statutory criteria.

On this appeal, Mr. Wilson does not contradict any of these findings.  He does not mention the issue of qualifying his military service in his informal brief or in his memorandum in lieu of oral argument, although the USPS discussed this issue in its responding brief.  While the AJ's decision is unclear as to whether, during the telephonic

status conference, Mr. Wilson was adequately advised of and understood his burden to establish active military duty during the time periods defined in 5 U.S.C. §2108(3)(A)-(D), it appears to be beyond dispute that his military service was not during any qualifying period. On this basis, the Board's decision is affirmed.

No costs.