James CAMPION, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 02–3332.

United States Court of Appeals, Federal Circuit.

DECIDED: April 17, 2003.

James P. Campion, Doylestown, PA, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were Martha B. Schneider, Acting General Counsel; and Stephanie M. Conley, Reviewing Attorney.

Before LOURIE, RADER, and LINN, Circuit Judges.

LOURIE, Circuit Judge.

James Campion appeals from the final decision of the Merit Systems Protection Board dismissing his appeal from his non-selection for certain Senior Executive Service ("SES") positions for lack of jurisdiction. *Campion v. Dep't of the Treasury,* No. DC–3443–02–0323–I–1 (MSPB May 14, 2002) ("Final Decision"). Because the Board did not err in its interpretation of the appeal rights available under the Veterans Employment Opportunities Act ("VEOA"), we affirm.

## BACKGROUND

In November and December 2001, Mr. Campion applied for SES candidate devel-

opment positions announced by the Department of the Treasury. After he was not selected for those positions, Campion wrote a letter to the Department of Labor claiming that he had been denied the opportunity to be considered for the positions in violation of the Veterans Employment Opportunities Act of 1998, Pub. L. No. 105–339, 112 Stat. 3182 (relevant provisions codified at 5 U.S.C. §§ 3304, 3330a-c (2000)). The Department of Labor responded by letter, notifying Campion that no action was being taken on his complaint because he was not a preference-eligible veteran.

Campion appealed to the Board. The administrative judge ("AJ") issued an acknowledgment order, informing Campion that the Board would not have jurisdiction to hear his appeal under the VEOA if he were not a preference-eligible veteran. *Campion v. Dep't of the Treasury*, No. DC–3443–02–0323–I–1, slip op. at 2 (MSPB Mar. 12, 2002) ("Acknowledgement Order"). That order referred to the statutory definition of the term "preference eligible" found in 5 U.S.C. § 2108 and ordered Campion to file evidence and argument to prove that the Board had jurisdiction over his appeal. *Id.* In response, Campion did not allege that he was a preference-eligible veteran. Instead, he argued that the Board had jurisdiction because the VEOA covers not only veterans who are preference eligible but also veterans like himself who have been separated from the armed forces under honorable conditions after three or more years of active service. *Campion v. Dep't of the Treasury*, No. DC–3443–02–0323–I–1, slip op. at 2 (MSPB Apr. 9, 2002) ("Initial Decision").

The AJ dismissed Campion's appeal for lack of jurisdiction. While recognizing that 5 U.S.C. § 3304(f)(1) provides an opportunity for both preference-eligible veterans and those honorably separated after three or more years of active service to compete for vacant federal positions, the AJ explained that 5 U.S.C. § 3330a provides a right of appeal to the Board only to preference-eligible veterans. *Id.* at 2–3. The AJ therefore concluded that, because Campion did not allege or show that he was a preference-eligible veteran, the Board lacked jurisdiction over his appeal. *Id.* at 3. Additionally, the AJ found that the Board lacked jurisdiction because Campion did not allege that any statute or regulation creating a right to veterans' preference had been violated. *Id.* The AJ also rejected Campion's argument that the Board had jurisdiction because the Office of Personnel Management ("OPM") advised him, albeit incorrectly, that he had an appealable action and the Department of Labor informed him of Board appeal procedures. *Id.* The AJ thus dismissed Campion's appeal and the AJ's initial decision became the final decision of the Board.

Campion timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). Whether the Board has jurisdiction to adjudicate an appeal is a question of law that we review *de novo*. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir.1999). As petitioner, Campion has the burden of establishing the

Board's jurisdiction by preponderant evidence. *See Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed.Cir.1998); 5 C.F.R. § 1201.56(a)(2)(i) (2003).

On appeal, Campion argues that the Board erred in dismissing his appeal for lack of jurisdiction. Campion contends that the AJ misconstrued the VEOA, arguing that the VEOA treats veterans who are "preference eligibles" and "veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service" as having equal access to merit promotion jobs. According to Campion, it follows that both groups must have the same rights of redress under the VEOA, including the right to appeal to the Board. Campion further asserts that the AJ incorrectly stated that the letter from the Department of Labor indicated that Campion was not a preference-eligible veteran, when in fact that letter affirmed his right to appeal to the Board. In addition, Campion contends that the AJ improperly refused to grant him a hearing.

The government responds that the AJ correctly interpreted the VEOA in determining that its provisions confer on Campion no right to appeal to the Board. The government argues that the plain language of § 3330a and its legislative history confirm that the VEOA provides a right of appeal only for preference-eligible veterans. Even if the VEOA were read to provide a right of appeal to non-preference-eligible veterans like Campion, the government argues, the Board would still lack jurisdiction in this case because § 3304(f) is not a veterans-preference statute. The government further responds that the Department of Labor did find that Campion was not a preference-eligible veteran and that the AJ did not err in determining that the Department of Labor's incorrect notification of a right to appeal to

the Board could not broaden the statutory grant of jurisdiction. Finally, the government argues that Campion was not entitled to a Board hearing because he failed to make a nonfrivolous allegation of facts that, if proven, could establish Board jurisdiction.

■ We agree with the government that the Board did not err in dismissing Campion's appeal for lack of jurisdiction. In interpreting the VEOA, we must begin with the language of the statute itself. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999). Section 3 of the VEOA provides administrative redress for preference-eligible veterans who allege that an agency has violated a statute or regulation relating to veterans' preference. *See* 5 U.S.C. § 3330a (2000). Specifically, that section provides for the filing of a complaint with the Secretary of Labor and, if the Secretary of Labor is unable to resolve that complaint, appeal to the Board as follows:

(a)(1) *A preference eligible* who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor.

. . . .

(d)(1) If the Secretary of Labor is unable to resolve a complaint under subsection (a) within 60 days after the date on which it is filed, the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board. . . .

*Id.* (emphasis added). The statutory language makes clear that § 3330a provides a right of appeal to the Board only to "preference eligible[s]." Campion has not shown, or even alleged, that he is a preference-eligible veteran within the meaning of 5 U.S.C. § 2108. *See id.* § 2108 (defining the term "preference eligible" as used in 5 U.S.C.). Accordingly, the Board correctly

concluded that he has no right of appeal under § 3330a.

Campion argues nonetheless that § 3330a should be read to confer a right of appeal to the Board on all veterans who have been afforded a right of access to employment opportunities under section 2 of the VEOA. We disagree. Section 2 of the VEOA provides, in relevant part:

> *Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service* may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.

*Id.* § 3304(f)(1) (emphasis added). Although that section provides both veterans who are preference eligible and those who have been honorably separated from the armed forces after three or more years of active service the same opportunity to compete for vacant positions, it says nothing about the redress available for violations of that section. Instead, § 3330a sets forth the redress available under the VEOA, and as discussed above, the plain language of § 3330a prescribes a right of appeal to the Board only for preference-eligible veterans.

██ To overcome § 3330a's unambiguous language, Campion must show a clearly expressed congressional intent contrary to the text of the statute. *See Garcia v. United States*, 469 U.S. 70, 75, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984) ("[O]nly the most extraordinary showing of contrary

intentions from [the legislative history] would justify a limitation on the 'plain meaning' of the statutory language."). Campion argues that non-preference-eligible veterans who have the same rights of access as preference-eligible veterans under the VEOA or federal merit hiring guidelines in general should be afforded the same rights of redress under the VEOA. He further argues that reading the VEOA as providing no right of appeal to the new category of veteran that it expressly creates—*i.e.*, non-preference-eligible veterans who have served at least three years of active service and been honorably separated—would be an unsound interpretation both legally and logically. Although Campion's arguments are not illogical, he has pointed to no indication, let alone a clearly expressed one, that Congress intended to extend § 3330a's right of appeal to both groups of veterans described in § 3304(f)(1). In fact, the legislative history indicates that Congress amended the VEOA to omit the very right of redress that Campion urges us to read into the statute. *See* S.Rep. No. 105–340, at 5, 9 (1998) (amending the VEOA's administrative redress provision, which originally provided a right of appeal to "[a]ny preference eligible or other individual described in section 3304(f)(1)," to apply only to "a preference eligible").[1] Thus, because the plain language of the VEOA provides no right of appeal to the Board for non-preference-eligible veterans and because we find no indication, clear or otherwise, that Congress intended for such veterans to have that right, we must affirm the decision of the Board dismissing Campion's appeal for lack of jurisdiction.[2]

---

1. At the time of that amendment to § 3330a, Congress also deleted § 3304(f), which was later added back by a subsequent amendment. However, even viewing the § 3330a amendment in the broader context of all the amendments made to the VEOA, we do not find

evidence of a clear congressional intent that supports Campion's reading of the statute.

2. Because we have concluded that the VEOA provides no right of appeal to Campion, we need not reach the Board's alternative hold-

 We also agree with the government that the Board correctly determined that any incorrect information provided to Campion by OPM or the Department of Labor cannot extend the Board's jurisdiction to his appeal. Even if OPM or the Department of Labor furnished Campion with misleading or incorrect information about his right to appeal to the Board, such an occurrence would not provide the Board with jurisdiction to hear Campion's appeal. The Board has "only that jurisdiction conferred on it by Congress." *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1243 (Fed.Cir.1991). The Board's jurisdiction cannot be expanded by an agency's alleged misstatements or erroneous notice of appeal rights. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 419–20, 432–33, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). The Board therefore properly rejected Campion's theory of Board jurisdiction based on information allegedly provided by OPM or the Department of Labor.

 Finally, we agree with the government that the Board did not err by not holding a hearing. Although Campion complains that the Board "refused to grant Petitioner any hearing whatsoever," there is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction. *Dick v. Dep't of Veterans Affairs*, 290 F.3d 1356, 1361–62 (Fed.Cir. 2002). Moreover, the AJ correctly determined that Campion was not entitled to a hearing because he failed to raise nonfrivolous issues of fact relating to jurisdiction, *see id.*, for the only jurisdictional issue here involved a question of statutory interpretation.

ing that it lacked jurisdiction on the ground that § 3304(f)(1) is not a veterans-preference provision. We accordingly express no opinion regarding whether the Board would have

## CONCLUSION

The Board did not err in concluding that the VEOA provides a right of appeal to the Board only to preference-eligible veterans and that it therefore lacked jurisdiction over Campion's appeal. Accordingly, the Board's decision is

*AFFIRMED.*

jurisdiction over a preference-eligible veteran's appeal alleging a violation of § 3304(f)(1).