NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2007-3019


RAJAN ZED,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.


Rajan Zed, of Reno, Nevada, pro se.

Roger A. Hipp, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3019

RAJAN ZED,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  April 4, 2007

_____

Before NEWMAN, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and LOURIE, <u>Circuit Judge</u>.

PER CURIAM.

Rajan Zed petitions for review of the final decision of the Merit Systems Protection Board (the "Board") that dismissed his appeal for lack of jurisdiction.  <u>Zed v. U.S. Postal Serv.</u>, No. SF-0752-06-0251-I-1 (M.S.P.B. Aug. 15, 2006).  Because the Board correctly determined that it lacked jurisdiction to review Zed's appeal, we <u>affirm</u>.

BACKGROUND

Zed began employment at the United States Postal Service ("USPS") on June 21, 1997.  From about October 2004 through November 2005, Zed was in a "leave without pay" status.  On December 20 and 27, 2004, Zed underwent fitness-for-duty examinations and was found able to return to work.  Zed did not return to work, however, and submitted medical documents stating that he was under the care of a

physician and should be excused from work. None of the documents stated why Zed was under the physician's care.

On November 10, 2005, the USPS issued Zed a notice of proposed separation from his position as a Supervisor Distributions Operations for physical inability to perform the duties of his position. On December 16, 2005, Zed submitted his resignation, effective December 19, 2005, stating his reason as, "Management inability to move me to daytime same grade level job despite repeated requests." On January 6, 2006, Zed filed a petition for review to the Board contending that his resignation was involuntary and made under duress because he was told that if he did not resign, he would be terminated.

The Administrative Judge ("AJ") granted the USPS's motion to dismiss Zed's petition for lack of jurisdiction. The AJ found that Zed failed to make a non-frivolous allegation that his resignation was involuntary or the result of agency coercion or duress. The AJ observed that the record established that Zed was given a notice of proposed separation based on his extended absence from the workplace and was provided the options of filing for a disability retirement or resigning in lieu of being separated for physical inability to perform the duties of his position. The AJ noted that the agency did not act improperly in communicating options to Zed. The AJ noted that there is a presumption of voluntariness when an employee retires and the fact that an employee is faced with the unpleasant choice of either resigning or being separated does not rebut that presumption.

Zed appealed the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b) (2004).

Zed timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). Zed, as the petitioner, has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See id. at 1213-14.

On appeal, Zed argues that the Board failed to consider the totality of the circumstances surrounding his resignation, and, if it had done so, it would have found that a reasonable person in his position would have felt compelled to resign. Zed contends that he was humiliated, intimidated, and threatened at work and therefore felt compelled to resign. Zed also notes that in a meeting with the Plant Manager, Zed asked what would happen if he did not resign and he was told that he would be terminated. Thus, Zed contends that his only reasonable alternative was to resign, and that his resignation was made under duress.

The government responds that the Board correctly dismissed Zed's appeal for lack of jurisdiction. The government observes that the AJ properly found that Zed did

not make non-frivolous allegations that his resignation was involuntary. The government argues that even if Zed's allegations concerning a hostile working environment were true, he would still not be able to prove that he had no alternative but to resign. The government also argues that the AJ correctly found that Zed did not make non-frivolous allegations that his resignation was coerced by the USPS because his allegations of coercion were based only on the USPS's stated intention to separate him if he did not resign. The government observes that Zed had the option of not resigning, remaining in his position and contesting the separation, but that he elected to resign.

We agree with the government that the Board correctly dismissed Zed's appeal for lack of jurisdiction. A decision to resign is presumed to be voluntary and is usually beyond the Board's jurisdiction. Staats v. U.S. Postal Serv., 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). In order to overcome the presumption of voluntariness, an employee must make a non-frivolous allegation that the resignation was the result of misinformation, deception, or coercion by the agency. Id. To establish that a resignation was involuntary based on coercion by the agency, an employee must show that the agency effectively imposed the terms of the employee's resignation, that the employee had no realistic alternative but to resign, and that the employee's resignation was the result of improper acts by the agency. Id.

As the AJ correctly observed, Zed was given the option of resigning in lieu of being separated for a physical inability to perform the duties of his position. Zed chose the former option. Even though Zed believed that that option may not have been the happiest for him, presenting options to an employee does not constitute agency

coercion.  Zed further stated that another reason he resigned was that he was not transferred to a daytime position.  That reason also does not demonstrate agency coercion. Based on the evidence of record, the agency thus acted properly in communicating to Zed his options of resigning or being separated.  Neither that communication, nor any other agency action, rose to the level of coercion, and the AJ therefore properly found that Zed failed to make non-frivolous allegations that his resignation was involuntary.  Accordingly, we affirm.