NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3362

DAVID C. FRANZEN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF JUSTICE,

Intervenor.

Kevin Keaney, Kevin Keaney PC, of Portland, Oregon, for petitioner.

Sara B. Rearden, Acting Associate General Counsel, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel. Of counsel was Raymond W. Angelo.

Steven M. Mager, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3362

DAVID C. FRANZEN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

and

DEPARTMENT OF JUSTICE,

Intervenor.

_____

DECIDED: August 7, 2007

_____

Before NEWMAN, LOURIE, and PROST, Circuit Judges.

PER CURIAM.

David C. Franzen petitions for review of the final decision of the Merit Systems Protection Board (the "Board") that dismissed his appeal for lack of jurisdiction. Franzen v. Merit Sys. Prot. Bd., No. SF-0752-06-0102-I-1 (M.S.P.B. Feb. 17, 2006). Because the Board correctly determined that it lacked jurisdiction to review Franzen's appeal, we affirm.

BACKGROUND

On April 8, 1989, Franzen was employed as a Maintenance Worker Foreman by the Federal Bureau of Prisons (the "agency"), Federal Correction Institution, in

Sheridan, Oregon. On March 12, 2000, he requested and received a Change to a Lower Grade to the position of Training Instructor. Meanwhile, in June 1997, the agency implemented a Drug Free Workplace Program, and, on December 5, 1997, Franzen signed an "Acknowledgement of Receipt of Notice to Employee Whose Position Has Been Determined Subject to Random Drug Testing."

On November 25, 2002, the agency notified all employees that it would be implementing random drug testing in compliance with the Program Statement of the Drug Free Workplace Program. On September 25, 2005, Franzen provided a urine sample to the Health Service Administration as part of the Program. On October 3, 2005, Robert Scyoc, Acting Warden, requested that Franzen and Mike Ellis, Union President, report to the Warden's office, where, in the presence of Ellis, Franzen was ordered to contact the Medical Review Officer concerning the results of his urine analysis. After Franzen spoke with the Medical Review Officer, he informed Scyoc that he had tested positive for marijuana use. Scyoc informed Franzen that he would be placed on administrative leave for the remainder of the day and asked him to call the agency the following day for additional information. According to Scyoc, Ellis informed him in private that Franzen was concerned about his "good name." Ellis informed Scyoc that he had told Franzen that his best option was to resign before the agency issued a proposal to remove him.

On October 4, 2005, Franzen and Ellis asked to speak to Sue Berg, Employee Services Manager. According to Berg, Franzen had a resignation packet and stated that he had some questions regarding his options. She informed him that if he resigned he would be given a "clean resignation," and that if he did not resign he would be placed

on Home Duty and a proposal letter would be issued for his removal. Berg further informed him that if he resigned after being issued a proposal for removal, his SF-50 would state that he resigned after being given a letter proposing an adverse action.

After his discussion with Berg, Franzen submitted a prepared typed letter on American Federation of Government Employees letterhead, dated October 4, 2005, in which he stated "I need to inform you that I am resigning, effective this date, for personal reasons." Franzen also signed a Request for Personnel Action, SF-52, requesting a resignation for "Personal Reasons." On October 5, 2005, Ellis sent an e-mail to Scyoc stating that Franzen wished to rescind his resignation. The agency denied his request, stating that a resignation may not be withdrawn after it is effective.

Franzen filed an appeal to the Board, asserting that his resignation was involuntary. The administrative judge ("AJ") issued an acknowledgement order advising Franzen that the Board may not have jurisdiction over his appeal and afforded him an opportunity to present evidence and argument concerning the issue of jurisdiction. Franzen responded by asserting that at the time of his resignation he was under stress because he had been sprayed with pepper spray during a training exercise in March 2005 and had lost part of his eyesight. He also noted that he was intimidated by employees involved in the training exercise and subjected to false accusations.

On February 16, 2006, the AJ dismissed Franzen's appeal for lack of jurisdiction. The AJ found that Franzen's resignation was voluntary and that a voluntary resignation is not appealable. According to the AJ, after testing positive for marijuana use, Franzen spoke to the agency regarding his options and was told that if he did not resign he would be terminated. The AJ found that an agency official does not act improperly in

telling an employee that he can choose between an adverse personnel action or resignation, unless the official knew that the adverse action could not be sustained. The AJ noted that prior to his conversation with Berg, Franzen had typed out his letter of resignation stating that he was resigning for personal reasons. The AJ further noted that the fact that an employee is faced with the unpleasant choice of resigning or being terminated does not rebut the presumption of a voluntary resignation. The AJ concluded that Franzen had failed to make a non-frivolous allegation that his resignation was the result of agency coercion or misinformation sufficient to warrant a hearing and that Franzen had not met his burden of proving that his resignation was involuntary. The AJ also found no error in the agency's refusal to allow Franzen to rescind his resignation after its effective date. Finally, the AJ stated that although Franzen requested a hearing, a hearing is limited to cases in which the Board has jurisdiction, or the appellant alleges facts that, if proven, would establish Board jurisdiction.

Franzen appealed the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b) (2004). Franzen timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd.,

331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). Franzen, as the petitioner, has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See id. at 1213-14.

On appeal, Franzen argues that he made a non-frivolous allegation that, if proven, would establish jurisdiction and that he is therefore entitled to a hearing. Franzen specifically argues that the agency coerced him into resigning. He alleges that he was under a great deal of stress when he resigned and that the agency had created an intimidating and hostile environment. Franzen further alleges that when he met with Berg, she demanded that he resign and threatened him with termination if he did not resign.

The Board responds that the AJ properly dismissed his appeal for lack of jurisdiction. The Board noted that, even assuming that his allegations about his work environment were true, they still would not establish that his resignation was the result of misinformation, deception, or coercion by the agency. According to the Board, there was no evidence that Franzen's decision to resign after a positive drug test result was anything other than a voluntary choice between two unpleasant options. The Board further noted that once the AJ concluded that Franzen's allegations, even if proven, would not show that his resignation was involuntary, the AJ was not required to hold a hearing.

Intervenor, Department of Justice ("DOJ"), repeats many of the arguments made by the Board. The DOJ further responds that removal is an available penalty for the use

of illegal drugs and that Franzen was not threatened with disciplinary action; rather, he was given accurate answers to his questions concerning his options.

We agree with the Board and the DOJ that the Board properly dismissed Franzen's appeal for lack of jurisdiction. A decision to resign or retire is presumed to be voluntary. Staats v. U.S. Postal Serv., 99 F.3d 1120, 1123 (Fed. Cir. 1996). In order to overcome the presumption of voluntariness, an appellant must make a non-frivolous allegation that the resignation was the product of misinformation, deception, or coercion by the agency. Schultz v. Dep't of the Navy, 810 F.2d 1133, 1135 (Fed. Cir. 1987). To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency. Staats, 99 F.3d at 1124.

After reviewing the record, the Board found that Franzen did not make a non-frivolous allegation that his resignation was involuntary. The Board noted that after Franzen tested positive for marijuana use, his union representative and the agency informed him that his options included resigning before the agency issued a proposal to remove him. The Board stated that the agency did not act improperly in informing him of his options. After hearing his options, Franzen decided to resign. We find no error in the Board's finding that Franzen was not coerced into resigning and that he did not make a non-frivolous allegation that his resignation was involuntary.

Having determined that Franzen did not make a non-frivolous allegation that, if proven, would show that his resignation was involuntary, it was not improper for the

Board to then find that Franzen was not entitled to a jurisdiction hearing.  As we held in Garcia v. Department of Homeland Security, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc), it is only after an employee has made a non-frivolous allegation that, if proven, would establish the Board's jurisdiction that he is entitled to a jurisdiction hearing. Because the Board correctly determined that Franzen did not make a non-frivolous allegation that, if proven, would establish the Board's jurisdiction, he was not entitled to a hearing.  Accordingly, we affirm.