NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3329

CRESENCIA T. MULI,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Cresencia T. Muli, of Olongapo City, Philippines, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3329

CRESENCIA T. MULI,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831070119-I-1.

_____

DECIDED: March 7, 2008

_____

Before NEWMAN, MAYER and LOURIE, Circuit Judges.

PER CURIAM.

## DECISION

Cresencia T. Muli appeals from the decision of the Merit Systems Protection Board (the "Board") dismissing Ms. Muli's claim for lack of jurisdiction. Muli v. Office of Personnel Mgmt., SF-0831-07-0119-I-1 (M.S.P.B. Aug. 27, 2007). Because Ms. Muli fails to identify any reversible error, we affirm.

## BACKGROUND

The petitioner's deceased spouse, Melanio Muli, was employed by the United States Navy in Subic Bay, Philippines for over forty years. Shortly after his retirement on February 5, 1988, Mr. Muli applied for civil service retirement benefits with an

accompanying survivor annuity for the petitioner. Shortly thereafter, on May 9, 1988, Mr. Muli passed away. Four months after his death, on September 26, 1988, the Office of Personnel Management ("OPM") issued an initial decision denying Mr. Muli's application, finding that he had never served in a position subject to the Civil Service Retirement System ("CSRS") and was therefore ineligible for retirement benefits.

On September 17, 2003, fourteen years after OPM's initial decision, the petitioner applied to OPM for death benefits. In an initial decision issued February 23, 2004, OPM denied Ms. Muli survivor rights for the same reason that Mr Muli's retirement benefits request had been denied: Mr. Muli had never served in a position subject to the CSRS. Ms. Muli then timely requested reconsideration and presented a new argument, namely, that her husband had served in a CSRS-covered position from 1954 until 1958 and that a vested right to an annuity had accrued due to this service, from which she was entitled to an annuity. On August 9, 2004, OPM issued a final reconsideration decision affirming its denial of Ms. Muli's application.

Two years later, on August 15, 2006, Ms. Muli wrote a letter to OPM requesting reconsideration of the final decision because she felt that the decision had not addressed her former spouse's federal employment. OPM responded with a letter on October 6, 2006, explaining that a final decision had been issued on August 9, 2004, and that any further review could only be by the Board, not OPM.

Ms. Muli filed an appeal to the Board on November 8, 2006 in which she stated that she was only appealing OPM's 2006 letter's refusal to reexamine OPM's final decision, not the final decision itself. The Board issued an acknowledgment order notifying Ms. Muli that her appeal appeared to be untimely, to which Ms. Muli reiterated

2007-3329

-2-

her contention that she was not challenging the final decision, but rather OPM's decision not to revisit that decision. In an initial decision issued on March 15, 2007, the administrative judge dismissed Ms. Muli's appeal for lack of jurisdiction. The AJ found that OPM's August 9, 2004 reconsideration decision on Ms. Muli's claim was also a reconsideration of OPM's 1988 initial decision regarding Mr. Muli's annuity application. Relying on Muyco v. Office of Personnel Management, 104 M.S.P.R. 557 (2007), the AJ held that OPM's 2006 letter did not constitute an appealable final decision within the Board's jurisdiction. The Board denied Ms. Muli's petition for review for failure to show a basis for review.

Ms. Muli timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). Ms. Muli, as the petitioner, has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See id. at 1213-14.

On appeal, Ms. Muli disputes the Board's interpretation of OPM's 2006 letter. She contends that the letter was a response to her new request for survivor benefits and an invitation to bring her case before the Board. To support her contention, Ms. Muli points to the letter's reference to the August 9, 2004 final decision as well as a copy of that decision attached to the letter.

The government responds that the Board correctly interpreted the letter's import and that the letter was not an appealable decision. The government cites <u>Munyo</u> for the proposition that a letter from OPM does not constitute an appealable final decision.

We agree with the government. Ms. Muli's interpretation of OPM's 2006 letter is refuted by the plain language of the letter itself:

> This is in response to your letter dated August 15, 2006, concerning your request for survivor annuity benefits under the Civil Service Retirement System.
>
> On August 9, 2004, the Office of Personnel Management issued a final decision (copy enclosed) regarding the matter. This decision also informed you of your right to appeal to the Merit Systems Protection Board (MSPB). You must contact MSPB directly regarding any review of our final decision. Any additional evidence you have to support your appeal should also be sent to the appropriate MSPB office.

The language above makes clear that the purpose of OPM's 2006 letter was to indicate that she already had received a decision in the matter and that any further appeal could only be brought to the Board. There is no indication that this letter represents any reconsideration or reevaluation of the August 9, 2004 decision. The fact that that decision was referenced in the letter was simply a courtesy to remind Ms. Muli of the earlier decision. The fact that OPM attached a copy of the decision to the letter thus did not constitute a reevaluation of her appeal. Since the October 6 letter was not

an appealable decision, Ms. Muli's appeal was properly dismissed by the Board for lack of jurisdiction.

Accordingly, because Ms. Muli fails to identify any reversible error, we <u>affirm</u>.

No Costs.

2007-3329