NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3066

DANIEL E. SHALIK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.

Daniel E. Shalik, of Centennial, Colorado, pro se.

Thomas N. Auble, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Courtney E. Sheehan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Mark A. Melnick, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3066

DANIEL E. SHALIK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.

Petition for review of the Merit Systems Protection Board in DE0752070393-I-1.

_____

DECIDED: June 6, 2008

_____

Before MICHEL, <u>Chief Judge</u>, LINN, <u>Circuit Judge</u>, and ZAGEL,[*] <u>District Judge</u>.

PER CURIAM.

Daniel E. Shalik petitions for review of the final decision of the Merit Systems

Protection Board ("Board"), dismissing his appeal for lack of jurisdiction. <u>Shalik v.</u>

---

[*] Honorable James B. Zagel, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

, DE-0752-07-0393-I-1 (M.S.P.B. Oct. 4, 2007). Because Shalik failed to raise non-frivolous allegations that his resignation was involuntary and thus tantamount to removal, the Board lacked jurisdiction over his appeal. We therefore affirm.

## I.

Shalik was an employee of the United States Postal Service ("Postal Service" or "agency") with over twenty-three years of service. On January 12, 2007, part of his route included the Canine Fitness Center in Denver, CO, and during that delivery, Shalik had an altercation with a customer and a dog. Specifically, the agency alleged that Shalik opened the door to the business, saw that a dog was loose, and returned to his postal truck. He then blew the horn, and the owner of the business came out to collect the mail. Shortly thereafter, Shalik went back inside the business (ostensibly to collect outgoing mail) and grabbed a snow shovel just inside the door. After the dog and the owner approached Shalik, he struck the dog in the head, threw the shovel, and struck the owner in the foot with it. Thereafter, the agency alleged that Shalik returned to his vehicle and made a rude gesture out his window in the direction of the business as he pulled away. Following the incident, Postal Inspectors were called, and Shalik was put on paid administrative leave.

On April 3, 2007, the Postal Service issued a notice proposing to remove Shalik, and on April 27, 2007, it issued a letter of decision finding that Shalik would be removed effective May 4, 2007. Shalik also filed a grievance through his union concerning the proposed removal, and on May 10, 2007, as part of that process, a dispute resolution team issued a decision concluding that the Postal Service had "just cause" to remove

Shalik.  Nevertheless, Shalik was given the opportunity to resign; if he did not resign by May 18, 2008, he would be removed pursuant to the Notice of Removal.  On May 16, 2007, Shalik submitted his resignation, effective that day, which stated: "I voluntarily submit my resignation to seek higher education and pursue other employment opportunities."

Shalik then appealed to the Board, asserting that he acted in self-defense during the dog attack and that the penalty of removal was unduly harsh in light of his lengthy government service.  Shalik alleged that he "felt [he] had no choice [but] to resign rather than to have the Notice of Removal enforced."  He asked to be reinstated with back pay.

The Administrative Judge ("AJ") assigned to Shalik's appeal issued an Acknowledgment Order, which noted that resignations are generally presumed to be voluntary and that Shalik's appeal would be dismissed for lack of jurisdiction unless he amended his petition to allege that his resignation was "the result of duress, coercion, or misrepresentation by the agency."  The AJ also informed Shalik that he had the burden to prove the Board's jurisdiction and ordered Shalik to "file evidence and argument to prove that this action is within the Board's jurisdiction."  On the same day, the AJ issued another order that further detailed the information that Shalik needed to submit to establish non-frivolous allegations that his resignation was involuntary.  The order warned that if Shalik did not make a non-frivolous allegation, his appeal would be dismissed.

Shalik did not respond to either of the AJ's orders.  On July 10, 2007, the agency moved to dismiss Shalik's appeal for lack of jurisdiction, and on July 17, 2007, the AJ dismissed the appeal on that basis.  The AJ held that Shalik had "alleged no

circumstances which, if proven, would support that the agency did not have an arguable basis for his removal." The AJ found that Shalik was not arguing that the alleged incident did not take place, "only that it did not occur exactly in the manner the agency maintained it did in proposing his removal." The AJ also noted that although not raised by Shalik, the eight-day period he had to determine whether to resign was sufficient such that his resignation was not coerced. The AJ thus concluded that Shalik had not made non-frivolous allegations that the Board had jurisdiction and dismissed his appeal on that basis.

Shalik appealed the AJ's decision to the full Board, alleging that he was misrepresented by the Union – according to Shalik, the Union president told Shalik that if he did not resign, he would be barred from obtaining other government employment and that unsatisfactory work evaluations would follow him. He also continued to argue that the punishment of removal was unduly harsh and that the incident had not occurred as the agency alleged. The full Board denied his petition for review, thereby rendering the AJ's decision final.

Shalik timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

**II.**

Our review of Board decisions is limited by statute. "We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Campion v. Merit Sys. Protection Bd., 326 F.3d 1210, 1212 (Fed. Cir. 2003) (citing 5 U.S.C.

§ 7703(c)).  We review de novo whether the Board had jurisdiction to adjudicate an appeal.  Id. (citing Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999)).

Resignations are presumed voluntary; to establish the Board's jurisdiction, the appellant must overcome that presumption by making a non-frivolous allegation that the resignation was the result of misinformation, deception, or coercion by the agency.  See Staats v. United States Postal Serv., 99 F.3d 1120, 1124 (Fed. Cir. 1996).  "In order to establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency."  Id. (citations omitted).

On appeal, Shalik argues that he was coerced into submitting his resignation.  However, the AJ issued two orders advising Shalik that he needed to present evidence and argument to make non-frivolous allegations that his resignation was involuntary, and Shalik did not respond to either order.  In this appeal, he alleges, as he did before the full Board, that his resignation was coerced, but that allegation is conclusory and therefore cannot be accepted as non-frivolous.  Shalik also argues that the agency incorrectly informed the AJ that Shalik was present "at an arbitrator's meeting" when he was not, and that he was not properly represented by union officials.  Even if these allegations are true, however, they do not establish that he was coerced into submitting his resignation, and could not have instead allowed the agency to remove him and then challenged that removal.  Because Shalik failed to submit any evidence in support of his

claim of coercion, the decision of the Board to dismiss his appeal for lack of jurisdiction is affirmed.

NO COSTS.