NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3172

ANTONIO R. SCOTT,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.


Antonio R. Scott, of Stone Mountain Georgia, pro se.

Teresa A. Gonsalves, Appellate Counsel, Law Department, United States Postal Service, of Washington, DC, for respondent.  With her on the brief were Lori J. Dym, Chief Counsel, and Gregory G. Katsas, Assistant Attorney General, Civil Division, United States Department of Justice, of Washington, DC.  Of counsel was James W. Poirier, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3172

ANTONIO R. SCOTT,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in
AT0752070616-I-1.

_____

DECIDED: September 4, 2008

_____

Before MICHEL, Chief Judge, FRIEDMAN, Senior Circuit Judge, and WALKER,[*] Chief District Judge.

PER CURIAM.

Antonio R. Scott petitions for review of the final decision of the Merit Systems Protection Board ("Board"), affirming his removal for violation of a last chance agreement and failure to maintain regular attendance. Scott v. United States Postal Service, AT-0752-07-0616-I-1 (M.S.P.B. Aug. 7, 2007) ("Initial Decision"). Because we

---

[*]   Honorable Vaughn R. Walker, Chief Judge, United States District Court for the Northern District of California, sitting by designation.

conclude that the AJ correctly interpreted the last chance agreement and that his decision sustaining Scott's removal was supported by substantial evidence, we affirm.

## I.

Scott was a Postal Service Level 7 Vehicle Operations Assistant at the Atlanta Bulk Mail Center, and at the time of his removal, he had been with the Postal Service for approximately 22 years. On June 28, 2006, the Postal Service ("agency") and Scott entered into a last chance agreement to settle a prior adverse action. Under that agreement, Scott agreed to maintain regular attendance, defined as "no more than (3) three unscheduled absences during any six (6) month period of this agreement and no instances of AWOL." The agreement defined unscheduled absences as "any absence not scheduled and approved in advance of Appellant's scheduled reporting time." The parties agreed that the last chance agreement would be in effect for five years from the date of execution.

On January 26, 2007, the agency proposed to remove Scott for violation of the last chance agreement and for failure to be regular in attendance based on four periods of unscheduled absences, totaling 26 days, from July 2006 to January 2007. On March 19, 2007, the agency issued a letter of decision, removing Scott effective March 20, 2007.

Scott appealed to the Board. The Administrative Judge ("AJ") found that the agency provided sufficient evidence to sustain the charges that Scott violated the last chance agreement by having too many unscheduled absences and that he failed to maintain regular attendance. The AJ also found that Scott did not have sufficient hours to qualify for Family and Medical Leave Act ("FMLA") leave and that Scott did not show

that his leave had been FMLA approved. The AJ also found that Scott was not denied due process where the deciding official had previously concurred in the proposed removal notice. Finally, the AJ found that removal was a reasonable penalty.

Scott petitioned the full board for review, but the full board denied his petition, concluding that Scott had not presented any new, previously unavailable evidence or shown that the AJ made a legal error. Scott timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

**II.**

Our review of Board decisions is limited by statute. "We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1212 (Fed. Cir. 2003) (citing 5 U.S.C. § 7703(c)).

On appeal, Scott argues that the AJ erred in finding that Scott did not have sufficient hours to qualify for FMLA leave. An employee must have 1,250 hours of service in the previous 12-month period to be eligible for FMLA leave. 29 U.S.C. § 2611(2)(A)(ii). The AJ found that Scott did not request FMLA leave until November 2006, and that at the time of Scott's absences, he did not have the requisite hours to qualify for FMLA leave.

We conclude that the AJ's determination that Scott had worked insufficient hours to qualify for FMLA was supported by substantial evidence. The government submitted as evidence employee reports showing that at the time of each of his absences, Scott had worked less than 900 hours (well below the 1,250 hour requirement) in the

preceding twelve months; a November 6, 2006 letter denying Scott's request for FMLA leave because he had worked insufficient hours and estimating that Scott would be eligible for FMLA leave on February 3, 2007; an FMLA data report indicating that at the time of Scott's November 2006 FMLA leave request, he had worked only 868 hours in the preceding year; and testimony from the agency's FMLA coordinator. We conclude that this evidence is sufficient to support the AJ's finding.

Next, Scott argues that he did not violate the last chance agreement. That agreement required that Scott have "no more than (3) three unscheduled absences during any six (6) month period of this agreement and no instances of AWOL." Scott argues, as he did before the AJ, that the six-month period in the last chance agreement is measured from the date of that agreement, and after that initial period has run, a new six-month period begins. Put another way, according to Scott, if he had three unscheduled absences during the period from June 28, 2006 (the date of the agreement) to December 28, 2006, he would start with a clean slate on December 29, 2006, and a fourth absence in the new period would not violate the agreement regardless of its temporal proximity to the absences in the prior period.

The AJ held that under the plain language of the agreement, Scott could have no more than three unscheduled absences in "any" six-month period, such that if Scott had four such absences during any rolling six-month period, he would be in violation of the agreement. We agree that the AJ's interpretation comports with the plain language of the agreement, and that the agreement contemplates a rolling six-month period rather than discrete six-month increments. We note that the last chance agreement was not

effective indefinitely, but for a five-year term, which reinforces that "any" six-month period under the agreement is a rolling rather than discrete time increment.

Finally, we have reviewed Scott's remaining arguments and conclude that they lack merit. Because we hold that the AJ correctly interpreted the last chance agreement and that his decision sustaining Scott's removal was supported by substantial evidence, we affirm.