NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHANIE R. JONES,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3120

---

Petition for review of the Merit Systems Protection Board in case no. DA0752110468-I-1.

---

Decided: November 29, 2012

---

STEPHANIE R. JONES, of DeRidder, Louisiana, pro se.

NICOLE DECRESCENZO, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, DYK , and PROST, *Circuit Judges.*

PER CURIAM.

Stephanie R. Jones seeks review of a decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. We *affirm.*

BACKGROUND

Ms. Jones began her career in library services with the Department of the Army ("Department") in 1981. In April 2003, according to Ms. Jones, the Department falsely accused her of stealing computers, cash, and other government property after she complained about being demoted under a Reduction in Force program instituted by the Department. Despite her contentions that she was cleared of any wrongdoing in June 2003,[1] numerous missing government items were located in her residence after it was searched pursuant to a warrant in October 2003.[2]

In March 2004, Ms. Jones was formally charged with theft of government property, and, in May 2004, the Department issued her an Advanced Notice of Proposed Removal that cited similar allegations. In October 2004,

---

[1]    Though she contends that she was cleared of all wrongdoing in June 2003, Ms. Jones does not dispute that she was barred from doing any library work from June 2003 until her resignation.

[2]    While on leave that began in October 2003, Ms. Jones alleges that she accepted a position as a librarian at an Army post in Korea in November 2003. Ms. Jones asserts that an investigator for the Department caused that job offer to be rescinded in January 2004, however, by informing the Army post in Korea that Ms. Jones was subject to an ongoing investigation.

Ms. Jones was incarcerated pending trial, and, after a three day trial, Ms. Jones was convicted of theft of government property on March 10, 2005, and sentenced to six months imprisonment, one year supervised release, and a $5,000 fine. Prior to her conviction, however, on March 7, 2005, Ms. Jones resigned from her employment with the Department—using a form allegedly sent to her by the Department—after learning that the Department hired a contractor to fill her position.[3]

Ms. Jones appealed her resignation to the Board. After finding that Ms. Jones had resigned voluntarily without coercion, the administrative judge for the Board assigned to Ms. Jones's case dismissed her appeal for lack of jurisdiction. Ms. Jones then petitioned the Board for review of that initial decision. The Board denied Ms. Jones's request, and Ms. Jones timely appealed to this court.

## DISCUSSION

The Board has jurisdiction over an appeal challenging an employee's resignation only if the resignation was "involuntary and thus tantamount to forced removal." *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc) (quoting *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1340-41 (Fed. Cir. 2001) (quotation marks omitted)); *see also* 5 U.S.C. §§ 7701, 7512, 7513. A resignation is presumed voluntary, and the petitioner bears

---

[3] Ms. Jones claims that she learned of her replacement in September 2004, not in March 2005 or while she was incarcerated, as apparently stated by the Board. She asserts that the Board's decision, therefore, is based on a factual error. However, any such error by the Board regarding the specific date on which Ms. Jones learned of her replacement is immaterial here.

the burden to prove by a preponderance of the evidence that it was involuntary. *See* 5 C.F.R. § 1201.56(a)(2)(i); *Campion v. Merit Sys. Prot. Bd.,* 326 F.3d 1210, 1213-14 (Fed. Cir. 2003); *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000). A resignation may be involuntary if it was coerced, as Ms. Jones asserts hers was here, but a petitioner must prove coercion by showing that: (1) an agency "effectively imposed the terms of the [petitioner's] resignation"; (2) the petitioner "had no realistic alternative but to resign"; and (3) the resignation "was the result of improper acts by the agency." *Garcia*, 437 F.3d at 1329. If the Board decides that a petitioner's resignation was voluntary and not coerced, we may reverse only if the decision was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

We affirm the Board's decision here because it was well-supported by the record. The evidence presented by Ms. Jones is not adequate to overcome the presumption that her resignation was voluntary and prove that she was coerced into resigning her position. The Department imposed no terms of her resignation; Ms. Jones could have realistically chosen to challenge an involuntarily removal instead of resigning; and, besides her accusations,[4] there is no indication of any improper acts by the Department. The Department's Advanced Notice of Proposed Removal informed Ms. Jones that she may be

---

[4]    Ms. Jones asserts that she alleged adequate facts to make out a non-frivolous case that her resignation was involuntary, which should be sufficient to establish jurisdiction. However, "under 5 U.S.C. § 7512, non-frivolous allegations do not establish the Board's jurisdiction." *Garcia*, 437 F.3d at 1325.

removed for theft of government property, and Ms. Jones was convicted of theft of government property. While it may have been natural for Ms. Jones to conclude that she would likely face removal if she did not resign, as the administrative judge for the Board stated, "[t]he fact that she was faced with the unpleasant choice of either resigning or opposing the removal action, does not rebut the presumed voluntariness of her ultimate choice to resign." Resp't App. 14. The Board's finding that Ms. Jones failed to rebut the presumption that her resignation was voluntary was correct.

Ms. Jones also petitioned the Board to review certain discovery related decisions of the administrative judge, claims she raises again to us. The Board found that those decisions were not properly raised and, in any case, fell within the administrative judge's sound discretion that was not abused. We find no error in the Board's decision on those points.

In addition, Ms. Jones asserts that the Board also erred by not considering her discrimination and retaliation claims after finding it lacked jurisdiction over her involuntary resignation claim. The Board's decision on that issue was correct. *See Garcia,* 437 F.3d at 1325 (holding that "in a constructive adverse action case, a claimant must prove that the action was involuntary and that the Board may not reach discrimination issues in mixed cases unless jurisdiction is established with respect to the adverse action alleged"); *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1246 (Fed. Cir. 1991) (en banc) (holding that a reprisal claim cannot be heard as part of a case over which the Board has no jurisdiction).

Having considered all of Ms. Jones's arguments that were reasonably and properly raised, we affirm the Board's dismissal of her appeal.

COSTS

Each party shall bear its own costs.

**AFFIRMED**