NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS TURNER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF THE ARMY,**
*Intervenor*

---

2016-1161

---

Petition for review of the Merit Systems Protection Board in No. SF-315H-15-0358-I-1.

---

Decided: September 26, 2016

---

RONALD PAUL ACKERMAN, Law Offices of Ronald P. Ackerman, Culver City, CA, for petitioner.

MICHAEL ANTON CARNEY, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

ALEXANDER ORLANDO CANIZARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by REGINALD T. BLADES, JR., ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

_____

Before MOORE, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Thomas Turner appeals from a Merit Systems Protection Board ("Board") decision dismissing his appeal for lack of jurisdiction. We *affirm* the dismissal of Mr. Turner's appeal.

## BACKGROUND

Mr. Turner was selected for the position of IT Specialist, GS-12, Step 6 with the Department of the Army ("agency") at the Hydrology and Hydraulics Branch, Los Angeles District. His start date was set for December 27, 2013, but to accommodate Mr. Turner, the agency and Mr. Turner agreed to an enter-on-duty ("EOD") date of January 13, 2014. The agency executed a Standard Form 50 ("SF-50") effective January 13, 2014. At Mr. Turner's request, the agency and Mr. Turner agreed to again postpone his EOD date, this time to January 27, 2014.

To cancel the January 13, 2014 SF-50, the agency executed a second SF-50 with the remark, "[a]ction cancel due to incorrect effective date." Petr's App. 117. A Human Resources ("HR") Specialist submitted a declaration that the SF-50 was cancelled because Mr. Turner was unable to report at that time, and a new request was submitted for the new EOD date. The agency executed a third SF-50 that indicated that the effective date was January 27, 2014 and that Mr. Turner's appointment was

subject to completion of a one-year probationary period which begins on January 27, 2014.

On January 27, 2014, Mr. Turner reported to work. Effective January 23, 2015, the agency terminated him for failing to meet the performance standards of the position and obtain IT certifications in the mandated timeframe. On February 24, 2015, he appealed his termination to the Board. Two days later, the Administrative Judge ("AJ") issued an Acknowledgement Order notifying Mr. Turner that the Board may lack jurisdiction over his appeal and informing him of his burden to prove Board jurisdiction. Mr. Turner argued that the effective date of his agency appointment was Sunday, January 26, 2014, the start of his first pay period. He argued he had completed his one-year probationary period because his one-year anniversary date was Monday, January 26, 2015 and he completed his tour of duty on Friday, January 23, 2015.

In the Initial Decision, the AJ dismissed Mr. Turner's appeal for lack of jurisdiction without a hearing because he failed to proffer non-frivolous allegations that he was an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(A)(i) or (ii). The AJ determined that Mr. Turner's termination became effective Friday, January 23, 2015 and that Mr. Turner's one-year anniversary date was Tuesday, January 27, 2015. The AJ further determined that Mr. Turner was not an "employee" for the purposes of 5 U.S.C. § 7511(a)(1)(A) because the agency terminated him during his one-year probationary period and before he had completed one year of current continuous service.

Mr. Turner petitioned for review of the Initial Decision and, for the first time, argued that he was appointed to his position on January 13, 2014. He presented a copy of a Civilian Leave and Earnings Statement showing he was on leave without pay for the pay period ending January 25, 2014. The Board rejected Mr. Turner's argument

and affirmed the Initial Decision, relying on the HR Specialist's declaration and the supporting SF-50s to find the agency appointed Mr. Turner to his position on January 27, 2014. Mr. Turner appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of the Board's decision is limited by statute. We affirm a final decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board's decision to dismiss for lack of jurisdiction presents an issue of law that we review de novo. *Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1212 (Fed. Cir. 2003). We review the factual findings underlying the Board's decision for substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). Mr. Turner bears the burden of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

The Board has jurisdiction to review an appeal from an agency's termination decision from a competitive service position if the terminated individual raises non-frivolous allegations and proves by a preponderance of the evidence that he is an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(A). 5 U.S.C. §§ 7512(1), 7513(d); 5 C.F.R. §§ 315.803(b), 752.401(c)(1)–(2), (d)(13), 752.405(a). An "employee" is an individual in the competitive service who is not serving a probationary or trial period under an initial appointment or has completed one year of current continuous service under other than a

temporary appointment limited to one year or less. 5 U.S.C. § 7511(a)(1)(A)(i)–(ii).

On appeal, Mr. Turner argues "[t]he dispute is only about the date Petitioner began his employment." Petr's Br. 8. This is a fact question over which we must review the Board's decision for substantial evidence. It is true under 5 C.F.R. § 315.802(c) that a period of leave without pay status counts toward completion of a probationary period up to a total of 22 workdays. This regulation draws no distinction between absence in nonpay status before or after an employee reports to work, but clearly only applies in the case of an appointed employee. Mr. Turner argues his time on leave without pay, before the first day he reported to work, credits toward the completion of his probationary period. Mr. Turner presented a Civilian Leave and Earnings Statement as evidentiary support. Relying upon the HR Specialist's declaration and the supporting SF-50s which indicated that Mr. Turner's appointment was effective January 27, 2014 and that his probationary period began on that day, the Board found that Mr. Turner had not established that he was appointed on January 13, 2014. The HR Specialist explained that Mr. Turner's January 13, 2014 SF-50 was cancelled because he was unable to report to duty. To cancel the January 13, 2014 SF-50, the agency executed another SF-50 that states, "[a]ction cancel due to incorrect effective date." A later-issued SF-50 lists Mr. Turner's effective date as January 27, 2014. This is substantial evidence to support the Board's finding that the agency appointed Mr. Turner effective January 27, 2014. Because it is undisputed that the agency terminated Mr. Turner effective January 23, 2015, Mr. Turner did not complete his one-year probationary period or his one year of current continuous service.

We have considered Mr. Turner's remaining arguments and find them to be without merit.

CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**

COSTS

No costs.