NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3274

FORTUNATA ESTRADA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Fortunata Estrada, of Tatalon, Quezon City, Philippines, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Stephanie M. Conley, Acting Assistant General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3274

FORTUNATA ESTRADA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831070708-I-1.

_____

DECIDED: December 4, 2008

_____

Before MICHEL, <u>Chief Judge</u>, MOORE, <u>Circuit Judge</u>, and HUFF,[*] <u>District Judge</u>.

PER CURIAM.

Fortunata Estrada petitions for review of the final decision of the Merit Systems Protection Board ("Board"), dismissing her appeal as untimely filed. <u>Estrada v. Office of Pers. Mgmt.</u>, SF-0831-07-0708-I-1 (M.S.P.B. April 9, 2008). Because Ms. Estrada failed to provide good cause for her delay, the Board's dismissal of her appeal as untimely was not an abuse of discretion. We therefore <u>affirm</u>.

_____

[*] Honorable Marilyn L. Huff, District Judge, United States District Court for the Southern District of California, sitting by designation.

**I.**

Fortunata Estrada is the widow of Alejandro Estrada, an employee with the U.S. Department of the Army in the Philippines during 1947-1955. Before his death, Mr. Estrada requested benefits under the Civil Service Retirement System. On April 27, 1990, the Office of Personnel Management ("OPM") decided that Mr. Estrada was ineligible for such benefits. On December 15, 2002, Ms. Estrada requested that the OPM reopen her deceased spouse's case. She also applied for survivor annuitant benefits.

On June 12, 2003, the OPM advised Ms. Estrada that "an initial decision to disallow [her] claim was sent to [her] on [April 27, 1990]." The OPM also informed her that if she wished to request reconsideration of the decision, she had 30 days to do so. On November 30, 2003, Ms. Estrada requested reconsideration and asked for an extension of the 30-day limit because of "typhoon, [f]lood, [m]utiny, and [s]ickness."

On February 3, 2004, the OPM dismissed Ms. Estrada's request for reconsideration as untimely. The OPM explained that Ms. Estrada failed to provide sufficient argument and/or evidence that would justify an extension of the time limit for filing for reconsideration. The OPM informed Ms. Estrada of her appeal rights to the Board and advised her that "an appeal must be filed within 30 calendar days after the date of this decision, or 30 days after receipt of this decision, whichever is later."

Ms. Estrada filed her appeal with the Board on July 30, 2007. In an Acknowledgment Order dated August 9, 2007, the administrative judge ("AJ") informed Ms. Estrada that her appeal appeared to be untimely. The AJ also provided specific

instructions on how to establish good cause for waiver of the Board's filing deadline based on physical or mental illness.

On August 9, 2007, the AJ further instructed Ms. Estrada in an Order that she must show by preponderant evidence that the appeal was filed on time or that good cause existed for her delay. The AJ notified Ms. Estrada that any explanation of the reason for a late appeal must address why she could not have filed a timely request for an extension of the filing time limit. The AJ advised Ms. Estrada to submit all evidence and arguments, and not withhold anything regarding the matter.

On August 27, 2007, Ms. Estrada's son entered his appearance as her representative. In a sworn statement signed on October 4, 2007, the son stated that during the period for filing the appeal, he and his mother were not physically able to file the appeal. He submitted a clinical abstract indicating that Ms. Estrada was admitted to a hospital with a fractured rib in between September 5 and October 17, 2005. He also stated that the appeal was filed untimely because he could not understand the procedure and the documents, and that Ms. Estrada was financially incapable of filing the appeal.

On December 3, 2007, the AJ issued an initial decision dismissing Ms. Estrada's appeal as untimely filed without a showing of good cause for the delay. On April 9, 2008, the Board denied Ms. Estrada's petition for review. Ms. Estrada timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

**II.**

Our review of Board decisions is limited by statute. "We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1212 (Fed. Cir. 2003) (citing 5 U.S.C. § 7703(c)). Because we discern no abuse of discretion in the Board's determination that Ms. Estrada failed to show good cause for her delay in filing her appeal, we affirm.

Ms. Estrada does not allege that unusual delay of mail delivery occurred in this case. Nor does she deny receiving all relevant documents. Thus, we agree with the AJ that Ms. Estrada's appeal to the Board was filed more than three years after the filing deadline. As the AJ noted, while hospitalization during the filing period may support a finding of good cause, Ms. Estrada's hospitalization period did not overlap with the filing period for her Board appeal. Record evidence establishes that Ms. Estrada was able to engage the OPM, the Department of Labor, and the Embassy of the Philippines in Washington, DC through written correspondence during this time period. The AJ thus correctly concluded that Ms. Estrada's health condition was not so severely debilitating as to impair her ability to timely file her Board appeal. The AJ also correctly pointed out that good cause on the basis of illness could only be established by Ms. Estrada's medical condition, and not that of her representative.

The AJ rejected Ms. Estrada's argument that she lacked proper knowledge to file her Board appeal because undisputed record evidence reflected that the OPM informed her of her rights and gave her detailed instruction for timely filing such an appeal. We are, as was the AJ, cognizant of Ms. Estrada's difficult circumstances and misfortunes. However, as the AJ noted, the three year delay is lengthy and Ms. Estrada failed to

show a causal relationship between her difficulties and her inability to timely file the appeal.

The AJ fully considered all the facts relative to the timeliness issue. Because Ms. Estrada failed to prove by a preponderance of the evidence that good cause existed for her delay, the Board's dismissal of her appeal as untimely was not an abuse of discretion.

For the foregoing reasons, the final decision of the Board is affirmed.

COSTS

No costs.