NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3409

YOLANDA C. GIBSON-MICHAELS,

Petitioner,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Respondent.

Yolanda C. Gibson-Michaels, of Temple Hills, Maryland, pro se.

Kathleen V. Gunning, Counsel, Federal Deposit Insurance Corporation, of Arlington, Virginia, for respondent.  With her on the brief were Richard J. Osterman, Jr., Assistant General Counsel, and Colleen J. Boles, Senior Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3409

YOLANDA C. GIBSON-MICHAELS,

Petitioner,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Respondent.

_____

DECIDED: February 9, 2007

_____

Before MAYER, LINN and PROST, Circuit Judges.

PER CURIAM.

Yolanda C. Gibson-Michaels appeals the final judgment of the Merit Systems Protection Board, which dismissed her individual right of action appeal for lack of jurisdiction. Gibson-Michaels v. Fed. Dep. Ins. Corp., DC-1221-06-0413-W-1 (MSPB July 27, 2006). We affirm.

Even if Gibson-Michaels made protected whistleblowing disclosures in connection with the present appeal, she failed to exhaust her administrative remedies. To satisfy 5 U.S.C. § 1214(a)(3), she was obligated to inform the Office of Special Counsel ("OSC") of the precise grounds for her whistleblowing charges, thereby giving it

a sufficient basis to pursue an investigation that might result in corrective action. And the board has jurisdiction only to consider whistleblowing charges that were clearly asserted before the OSC. Although Gibson-Michaels submitted numerous documents in response to the administrative judge's order to show cause, she did not indicate which, if any, of them had been submitted to the OSC in connection with the IRA appeal then before the board. Indeed, Gibson-Michaels had previously filed a separate IRA appeal, which the board dismissed for failure to make a nonfrivolous allegation that she had engaged in protected whistleblowing activities, and she did not appeal that decision to us. Accordingly, based on the inadequacy of the record Gibson-Michaels provided to the board, it properly determined that it was not possible either to discern the basis of the whistleblowing charges presented to the OSC, or to delimit the nature of the charges at issue on appeal.