NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3200

YOLANDA C. GIBSON-MICHAELS,

Petitioner,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Respondent.

Yolanda C. Gibson-Michaels, of Temple Hills, Maryland, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3200

YOLANDA C. GIBSON-MICHAELS,

Petitioner,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Respondent.

Petition for review of the Merit Systems Protection Board in DC1221080698-W-1.

_____

DECIDED: November 4, 2009

_____

Before MICHEL, PLAGER, and LINN, Circuit Judges.

PER CURIAM.

Yolanda C. Gibson-Michaels ("Gibson-Michaels") appeals the final judgment of the Merit Systems Protection Board ("Board"), which dismissed her individual right of action appeal on the basis of collateral estoppel. Gibson-Michaels v. Fed. Deposit Ins. Corp., No. DC-1221-08-0698-W-1 (M.S.P.B. Mar. 31, 2009). Because we find no basis to overturn the Board's decision, we affirm.

Gibson-Michaels worked as an Information Specialist for the Federal Deposit Insurance Corporation ("FDIC"). The FDIC initiated her removal in December 2004 for numerous incidents of misconduct. In January 2005, Gibson-Michaels entered into a settlement agreement with the FDIC in which she resigned and withdrew a number of

Equal Employment Opportunity ("EEO") complaints in exchange for a portion of her annual salary and other benefits. On April 20, 2005, the FDIC notified Gibson-Michaels that since the settlement agreement did not include a required notice under the Age Discrimination in Employment Act she had the option to cancel the agreement within seven calendar days. Gibson-Michaels timely provided notice of her intent to cancel the settlement agreement. The FDIC, however, declined to cancel the agreement based on some of the language in Gibson-Michaels's notice. Gibson-Michaels filed an individual right of action ("IRA") appeal on June 28, 2005. In her appeal, Gibson-Michaels claimed both that she had engaged in protected whistleblowing activity and that she had been coerced into resigning from the agency. The administrative judge ("AJ") therefore docketed the appeal as two separate appeals. Gibson-Michaels v. Fed. Deposit Ins. Corp., No. DC-0752-05-0633-I-1 (M.S.P.B. Nov. 14, 2005) ("Gibson-Michaels I").

In the first IRA appeal, in which Gibson-Michaels claimed that she had been coerced into resigning, the AJ found that Gibson-Michaels had given proper notice of her intent to cancel the settlement agreement and that the FDIC had erred in not giving effect to the cancellation. Gibson-Michaels I at 4. The AJ ordered the agency to cancel Gibson-Michaels's resignation, retroactively reinstate her to her position as an Information Specialist, and pay her the appropriate amount of back pay. Id. The FDIC complied with this order. See Gibson-Michaels v. Fed. Deposit Ins. Corp., M.S.P.B. Docket Nos. DC-0752-05-0633-C-1 (Final Order, Oct. 26, 2006) and DC-0752-05-0633-C-2 (Final Order, Oct. 26, 2006) (finding in favor of the FDIC in two enforcement actions related to Gibson-Michaels's reinstatement and the calculation of back pay); Gibson-

<u>Michaels v. Fed. Deposit Ins. Corp.</u>, 226 F. App'x 1003 (Fed. Cir. 2007) (dismissing appeals of both enforcement actions as voluntarily withdrawn).

In the second IRA appeal, in which Gibson-Michaels claimed retaliation against whistleblowing disclosures, the AJ found that Gibson-Michaels had not shown that she had engaged in any protected whistleblowing activity and dismissed the appeal for lack of jurisdiction. <u>Gibson-Michaels v. Fed. Deposit Ins. Corp.</u>, No. DC-1221-05-0594-W-2 (M.S.P.B. Mar. 2, 2006) ("<u>Gibson-Michaels II</u>"). Gibson-Michaels claimed that her whistleblowing disclosures consisted of reporting her supervisor for violating her rights under the Family and Medical Leave Act of 1993, fabricating facts, and falsifying her leave balances. <u>Id.</u> at 4-5. Gibson-Michaels also claimed that she had provided the Office of Special Counsel with evidence of "FDIC's fraud, waste, abuse, nepotism, money laundering, wire fraud, contacts, [and] inside trading." <u>Id.</u> at 5. The AJ found that none of the allegations or evidence provided by Gibson-Michaels showed that she could reasonably have concluded that the actions of the government evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. <u>Id.</u> at 4-6. The Board denied Gibson-Michaels's petition for review on July 11, 2006. <u>Gibson-Michaels v. Fed. Deposit Ins. Corp.</u>, 104 M.S.P.B. 143 (2006) (unpublished table decision).

Following her reinstatement, on December 19, 2005, the FDIC issued Gibson-Michaels a proposed removal based on the same misconduct that prompted the initiation of removal in December 2004. On March 27, 2006, the FDIC removed Gibson-

Michaels from her position for misconduct, including disrespectful and/or inappropriate conduct and failure to follow instructions.

Gibson-Michaels promptly filed an IRA appeal alleging that her removal was retaliation for whistleblowing disclosures. The AJ found that Gibson-Michaels did not provide any evidence that she had provided any disclosures to the Office of Special Counsel, and therefore had not exhausted her administrative remedies or made any "allegations that, if proven true, could be construed as showing that she engaged in protected whistleblowing activity." Gibson-Michaels v. Fed. Deposit Ins. Corp., No. DC-1221-06-0413-W-1 (M.S.P.B. May 4, 2006) ("Gibson-Michaels III"). The Board denied Gibson-Michaels's petition for review on July 27, 2006. Gibson-Michaels v. Fed. Deposit Ins. Corp., 103 M.S.P.B. 234 (2006) (unpublished table decision). This court affirmed the Board's decision in February 2007. Gibson-Michaels v. Fed. Deposit Ins. Corp., 214 F. App'x 998 (Fed. Cir. 2007).

On August 11, 2008, Gibson-Michaels filed another IRA appeal, again alleging that her removal was retaliation by the FDIC for whistleblowing disclosures. Apparently, Gibson-Michaels filed the new appeal because the Office of Special Counsel had "reopened [its] investigation" of her whistleblower allegations and had "issued a decision" on June 11, 2008. Pet'r's Br. at 1-2. The Office of Special Counsel did send a letter to Gibson-Michaels dated June 11, 2008 in which it stated it was closing her file. The AJ dismissed the appeal on the basis of collateral estoppel, finding that Gibson-Michaels's alleged protected whistleblowing disclosures were the same disclosures previously raised before the Board. Gibson-Michaels v. Fed. Deposit Ins. Corp., No. DC-1221-08-0698-W-1 (M.S.P.B. Dec. 4, 2008). The Board denied Gibson-Michaels's

petition for review on March 31, 2009. Gibson-Michaels v. Fed. Deposit Ins. Corp., 111 M.S.P.B. 310 (2009) (unpublished table decision). Gibson-Michaels filed a timely appeal with this court on May 27, 2009.

This court's review of a decision of the Board is limited by statute. Under 5 U.S.C. § 7703(c) (2006), this court is bound by a decision of the Board unless we find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence. See, e.g., Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1321 (Fed. Cir. 1999). The jurisdiction of the Board is a legal question that this court reviews without deference. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1212 (Fed. Cir. 2003).

Under the doctrine of collateral estoppel (sometimes referred to as issue preclusion), a litigant who has litigated an issue in a full and fair proceeding is estopped from relitigating the issue in a subsequent proceeding. See Thomas v. Gen. Servs. Admin., 794 F.2d 661, 664 (Fed. Cir. 1986). Collateral estoppel "is normally applicable if (i) the issue previously adjudicated is identical with that now presented, (ii) that issue was 'actually litigated' in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." Id. The AJ properly found that all the elements of the doctrine were satisfied. In the IRA appeals of June 2005 and March 2006, the AJ fully considered, but rejected, Gibson-Michaels's allegations of whistleblowing reprisal for the same disclosures made in December 2004. Her two-page informal brief offers no arguments and cites no evidence as to why the AJ erred in dismissing her

whistleblowing appeal as being previously litigated, and therefore provides no basis for us to rule in her favor.

In her informal brief, Gibson-Michaels references a footnote in the AJ's Initial decision of May 4, 2006. In this footnote, the AJ stated that "[t]he agency thereafter removed the appellant, effective March 31, 2006, <u>based on unrelated charges of misconduct</u>." <u>Gibson-Michaels III</u> at 2-3 n.2 (emphasis added). Gibson-Michaels apparently interprets this statement as proof that her removal was "unrelated to misconduct" and therefore, presumably must be related to her whistleblowing activity. Pet'r's Br. at 1. However, this language actually refers to the fact that the FDIC removed Gibson-Michaels from her position based on misconduct that was unrelated to the Board's order finding that her resignation was involuntary. It does not provide any basis for a finding that Gibson-Michaels's removal was in retaliation for whistleblowing activity.

Gibson-Michaels also challenges the propriety of her March 2006 removal and the enforcement of the November 2005 Board decision. However, these issues were not raised to the AJ and therefore are not properly addressed in this appeal. <u>Frank v. Dep't of Transp., Fed. Aviation Admin.</u>, 35 F.3d 1554, 1559 (Fed. Cir. 1994) ("[W]e do not consider issues that were not raised in the proceedings below.").

For the foregoing reasons, the Board's decision is <u>affirmed</u>.