# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TESSA RIVERS,

        Appellant,

        v.

DEPARTMENT OF THE ARMY,

        Agency.

DOCKET NUMBER
DE-315H-14-0636-I-1

DATE: March 12, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice L. Jackson, Leavenworth, Kansas, for the appellant.

Anne E. Hinkebein, Esquire, Fort Leavenworth, Kansas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant was appointed to a GS-5 Nursing Assistant position in the competitive service effective December 16, 2013. Initial Appeal File (IAF), Tab 5 at 39. The Standard Form (SF) 50 documenting that appointment reflects that the appellant was subject to a 1-year probationary period. *Id*. The appellant was terminated from her position effective September 15, 2014, for failure to demonstrate the conduct and performance required for retention in the federal service. *Id*. at 12, 14-16.

¶3 The appellant timely appealed the termination to the Board and requested a hearing. IAF, Tab 1. In a September 26, 2014 order, the administrative judge set forth the limited grounds for Board jurisdiction over a probationary termination and afforded the appellant 15 days to file evidence and argument showing why the appeal should not be dismissed for failure to make a nonfrivolous allegation of jurisdiction. IAF, Tab 2 at 3-5. When the appellant had not responded, the administrative judge issued an October 17, 2014 order again instructing the appellant to file evidence and argument regarding jurisdiction. IAF, Tab 6. The appellant again failed to respond, and in a November 17, 2014 initial decision, the

administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 7, Initial Decision (ID). In the initial decision, the administrative judge explained that the appellant had failed to make a nonfrivolous allegation that she qualified for one of the exceptions to the general rule that the Board lacks jurisdiction over the termination of an employee during her probationary term. ID at 3-4. The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

¶4        Generally, the Board lacks jurisdiction over a probationary employee's appeal from a termination during the probationary period.[2] *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 8 (2010). To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that she satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). 5 U.S.C. § 7513(d); *see Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, like the appellant, this means that she must either:  (1) not be serving a probationary or trial period under an initial appointment, or (2) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A). Individuals in the competitive service who do not satisfy either definition may nevertheless have the right to appeal a termination to the Board where:  (1) the employee was discriminated against based on her marital status; (2) the agency action was based on partisan political reasons; or (3) the agency action was based (in whole or in part) on pre-appointment reasons and the agency did not follow the procedures of 5 C.F.R. § 315.805. 5 C.F.R. § 315.806(a)-(c). Absent a nonfrivolous allegation by an appellant, there is no right to a hearing on the threshold issue of jurisdiction. *See*

---

[2] The appellant does not dispute that that she was serving a probationary period at the time she was terminated. *See* IAF, Tab 1 at 5; PFR File, Tab 1 at 3, 7-8.

*Campion v. Merit Systems Protection Board*, [326 F.3d 1210](#), 1215 (Fed. Cir. 2003).

¶5     On review, the appellant does not challenge the administrative judge's determination that she was not an "employee" within the meaning of [5 U.S.C. § 7511](#)(a)(1) or that the termination was not based on partisan political reasons, marital status discrimination, or conditions arising before her appointment.  PFR File, Tab 1; *see* ID at 3-4.  Rather, the appellant claims that there were documents in the agency file that she had not had the opportunity to respond to and that the administrative judge did not have a "clear picture of what really happen[ed]."  *See* PFR File, Tab 1 at 3, 7.  The appellant does not explain, however, why she failed to respond to the administrative judge's two orders to present evidence and argument.[3]  *See* PFR File, Tab 1; *see also* IAF, Tabs 2, 6.  In any event, none of the appellant's arguments constitute a nonfrivolous allegation of any of the exceptions to the general rule discussed above.  As such, even if true, nothing the appellant alleges on review would establish Board jurisdiction over her probationary termination.  Accordingly, we discern no basis to disturb the administrative judge's determination that the Board lacks jurisdiction over the appellant's probationary termination.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] The appellant also requests that she be granted a hearing, but, as the administrative judge found, absent a nonfrivolous allegation of Board jurisdiction, which is not present here, there is no entitlement to a hearing.  ID at 4; *see Walker*, [119 M.S.P.R. 391](#), ¶ 6.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.