NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAROLD ARNALDO HERNANDEZ,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1934

---

Petition for review of the Merit Systems Protection Board in No. AT-4324-15-0765-I-1.

---

Decided: October 14, 2016

---

HAROLD ARNALDO HERNANDEZ, Tampa, FL, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Harold Arnaldo Hernandez appeals from a Merit Systems Protection Board ("Board") decision dismissing his appeal for lack of jurisdiction. We *affirm* the dismissal of Mr. Hernandez's appeal.

BACKGROUND

Mr. Hernandez entered the Federal Bureau of Investigation ("agency") as a Special Agent on August 10, 2014. Prior to his agency employment, he served in the United States Army and in a volunteer position with the United States Civil Air Patrol. On March 19, 2015, the agency terminated him "for failure to meet the suitability standards." On July 24, 2015, he appealed his termination to the Board. He argued the agency did not use proper procedures when it removed him from federal service. He also alleged wrongful termination based on racial discrimination, in violation of 5 U.S.C. § 2302, and discrimination based on his prior military service, in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").[1]

In the Initial Decision, the Administrative Judge ("AJ") dismissed Mr. Hernandez's appeal for lack of jurisdiction. The AJ concluded that the Board's jurisdiction over USERRA claims is based on 38 U.S.C. §§ 4324(b) and (c) and that the agency was excluded from the definition of "Federal executive agency" for the purpose of appealing a USERRA claim to the Board. Mr. Hernandez petitioned for review, and the Board affirmed the Initial Decision. Mr. Hernandez appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

---

[1]   The Administrative Judge docketed and processed Mr. Hernandez's USERRA claim as a separate appeal, which is addressed in this case. Mr. Hernandez's other claims are addressed in Case No. AT-3443-15-0764-I-1 (companion Case No. 16-1933 in this court).

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm a final decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). The Board's decision to dismiss for lack of jurisdiction presents an issue of law that we review de novo. *Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1212 (Fed. Cir. 2003). To succeed on appeal, Mr. Hernandez must nonfrivolously allege that the Board has jurisdiction over his USERRA claim. 5 C.F.R. § 1201.57(b).

A petitioner alleging a USERRA violation may bring a complaint against a "Federal executive agency" directly to the Board pursuant to 38 U.S.C. § 4324(b). *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed. Cir. 1998). "Federal executive agency" is defined as "any Executive agency . . . *other than an agency referred to in section 2302(a)(2)(C)(ii) of title 5*." 38 U.S.C. § 4303(5) (emphasis added). The Federal Bureau of Investigation is one such agency referred to in section 2302(a)(2)(C)(ii) of title 5 and is therefore excluded from the definition of "Federal executive agency" for purposes of the statute. 5 U.S.C. § 2302(a)(2)(C)(ii)(I).

We therefore hold the Board did not commit error in dismissing Mr. Hernandez's USERRA claim for lack of jurisdiction.

We have considered Mr. Hernandez's remaining arguments and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**

Costs

No costs.