# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERRY ESPIRITO,<br>         Appellant, | DOCKET NUMBER<br>SF-0353-20-0227-I-1 |
|     v. | |
| UNITED STATES POSTAL SERVICE,<br>         Agency. | DATE: September 9, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Zedie E. Ramage, Jr., Fresno, California, for the appellant.

Mariana Aguilar, Esquire, Long Beach, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. On petition for review, the appellant argues that the final agency decision (FAD) concerning her discrimination claim, as it relates to the cancellation of her modified assignment, informed her that she had a right to appeal to the Board. Petition for Review

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

(PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the basis for the conclusion that the appellant failed to nonfrivolously allege Board jurisdiction and the impact of a discrimination claim on a jurisdictional determination in restoration appeals, we AFFIRM the initial decision.

In the initial decision, the administrative judge determined that the appellant failed to nonfrivolously allege jurisdiction over her appeal. Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 5-6. In arriving at this conclusion, she considered only one of the four substantive jurisdictional elements as set forth in *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016).[2] ID at 5-6. Specifically, she considered whether the appellant nonfrivolously alleged that the denial of restoration rights—here, the cancellation of the modified limited duty assignment—was arbitrary and capricious. ID at 5.

---

[2] Because we ultimately agree with the administrative judge that the appellant failed to nonfrivolously allege one of the substantive jurisdictional elements required for a partially recovered employee to establish Board jurisdiction, we need not address the remaining three elements, nor do we discern any error in the administrative judge's decision to not address those elements in the initial decision.

Her analysis of this element discussed the appellant's limited pleadings, the agency's explanation for the cancellation of the modified assignment, and its claim that it performed an extensive job search to try to find the appellant work within her medical restrictions but that, despite its efforts, it was unable to do so. *Id.*; IAF, Tab 1 at 30, Tab 7 at 8. The administrative judge also considered the appellant's discrimination claim as an alternative means of alleging that a denial of restoration rights was arbitrary and capricious, but ultimately concluded that the appellant failed to nonfrivolously allege that discrimination occurred or that it evidenced an arbitrary or capricious denial of restoration rights. ID at 5-6; IAF, Tab 1 at 4. Based on the foregoing, the administrative judge concluded that the appellant failed to nonfrivolously allege that the cancellation of the modified assignment was arbitrary and capricious, and that the appellant, therefore, failed to nonfrivolously allege Board jurisdiction over her claim. ID at 5-6.

After the issuance of the initial decision, the Board issued a decision in *Cronin v. U.S. Postal Service*, 2022 MSPB 13, which specifically discussed the "arbitrary and capricious" element at issue in this appeal. In *Cronin*, the Board explained that, in considering this jurisdictional element, the issue before the Board is limited to whether the agency failed to comply with the minimum requirements of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for any such vacancies. *Cronin*, 2022 MSPB 13, ¶ 20. The Board in *Cronin* further held that, contrary to its prior suggestion in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 58 n.27 (2012), *superseded in part by regulation on other grounds as stated in Hamilton*, 123 M.S.P.R. 404, ¶ 12, claims of prohibited discrimination cannot serve as an "alternative means" of showing that a denial of restoration was arbitrary and capricious. *Cronin*, 2022 MSPB 13, ¶ 21.

In light of *Cronin*, we have reexamined the appellant's allegations, which consist only of the bare assertion that the cancellation of her modified assignment

was based on prohibited discrimination and her claim that she was informed in the agency's FAD that she could appeal her claim to the Board. IAF, Tab 1 at 4, Tab 5; PFR File, Tab 1. Her pleadings, above and on review, contain no allegation that the agency's action was arbitrary and capricious because it failed to comply with the minimum requirements of 5 C.F.R. § 353.301(d). IAF, Tab 1 at 4, Tab 5; PFR File, Tab 1. On that basis, we find that the appellant failed to nonfrivolously allege Board jurisdiction over her claims, and we modify the initial decision to reflect as much. Similarly, we also modify the initial decision to clarify that the appellant's discrimination claims cannot serve as an "alternative means" of showing that the agency's action was arbitrary and capricious. *See Cronin*, 2022 MSPB 13, ¶ 21.

Based on the foregoing, we agree with the administrative judge's ultimate conclusion that the appellant failed to make nonfrivolous allegations of Board jurisdiction.[3]

---

[3] As noted above, the appellant argues on review that the agency FAD informed her that she could appeal her claim to the Board. PFR File, Tab 1. Our reviewing court has stated, however, that any incorrect information provided to an appellant by an agency, including incorrect appeal rights, cannot extend the Board's jurisdiction to an appeal where it does not otherwise exist. *See Campion v. Merit Systems Protection Board*, 326 F.3d 1210, 1215 (Fed. Cir. 2003) (the Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation). As such, the appellant's argument on review does not provide a basis to disturb the initial decision.

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              *Gina K. Grippando*
                                            _____
                                            Gina K. Grippando
                                            Clerk of the Board

Washington, D.C.